CYRENIOUS W. CROOKER, in equity, *vs.* EBENEZER R. HOLMES.

Oxford, 1875.—October 8, 1875.

*Equity. Mortgage—redemption of. Promissory note.*

A demand upon a mortgagee to render a true account under R. S., c. 91, § 13, left at his house is sufficient when its reception is not denied by the answer, the respondent claiming that he should not be held to account at all.

When a bill to redeem is brought by a second mortgagee against the assignee of a prior mortgage, the latter cannot interpose the objection that the second mortgage is fraudulent as to creditors of the mortgageor.

Where the maker of a note promises to pay a certain sum when he shall sell the place he lives on, the debt is absolute, though its payment may be postponed; it is the duty of the maker to sell within a reasonable time, that he may discharge his indebtedness; he cannot avoid liability by putting it out of his power to perform his contract.

When a note secured by mortgage is barred by the statute of limitations, yet if not paid, a recovery may be had on the mortgage. So, if the note be not due; unless there be a clause in the mortgage to prevent such recovery.

The mortgagee cannot be injuriously affected by the subsequent acts of the mortgageor, to which he is not a party, though they may be fraudulent.

BILL IN EQUITY inserted in a writ of attachment, dated February 23, 1874, brought to redeem certain described premises from the incumbrances thereon mentioned in the opinion.

They were formerly occupied as the homestead farm of Seth Crooker to whom one portion was conveyed by Albion K. P. Elwell, March 27, 1860, and the other portion was conveyed to said Seth Crooker by Thomas J. Thurston, June 18, 1860. Upon the last day of March, 1870, Seth Crooker mortgaged the whole farm to Joseph McDonald to secure payment of a note of a hundred and fifty dollars in one year. This mortgage, with the note it secured, was transferred to the defendant October 2, 1872, and on the fourth day of that month Mr. Holmes proceeded to obtain a foreclosure of it by publication. November 7, 1870, Seth Crooker mortgaged to Cyrenious W. Crooker so much of the farm as was conveyed to him by A. K. P. Elwell to secure the note for two hundred dollars which is copied in the opinion.

Subsequently to these conveyances Eben C. Andrews sued Seth Crooker, attached all his interest in real estate in Oxford county, and July 6, 1871, caused to be sold upon his execution by the officer holding the same, all said Seth Crooker's interest in said farm and right of redeeming the same to Seth T. Holbrook, who conveyed the same to Ebenezer R. Holmes by deed dated September 2, 1872. The complainant further stated that being desirous of redeeming the premises from the first mortgage, "on the twenty-second day of October, 1873, to wit, on the tenth day of February, 1874, he made written demand for a true account of the sum due on said prior mortgage, and of the rents and profits," &c., &c., but that none was ever furnished him. Wherefore he prayed for such account, and to be admitted to redeem. The respondent, in his answer, admitted the existence of deeds and transfers similar to, but not identical with, those mentioned in the bill, but said the deed from Seth Crooker to the complainant was fraudulent and void; and set up a former indebtedness by note from both the Crookers to him which he exchanged for the single note of Seth Crooker, and claimed to have it allowed him.

The respondent also alleged that upon the twenty-seventh of March, 1871, Seth Crooker mortgaged the premises ostensibly for $350, to Austin Partridge, who afterwards transferred said mortgage for value to the respondent; but the respondent believed this mortgage also was fraudulent as to the creditors of Seth

Crooker and intended to defraud them. He denied that any legal demand for an account was ever made upon him.

The demand was in writing, signed by the complainant's solicitor, and by him (Mr. Black) left at the respondent's dwelling house February 10, 1874.

The complainant, being examined by the respondent, testified that the note and mortgage to him were for money he sent to his father, Seth Crooker, now deceased, while the complainant was in the army. Seth Crooker died without having made any sale or conveyance in fee of the farm.

*A. Black,* for the plaintiff.

*A. A. Strout & G. F. Holmes,* for the defendant.

In order to be entitled to redeem the complainant must have a valid subsisting title. His title was never valid, but was void because fraudulent. It was also subject to a contingency which can never happen. His right to the two hundred dollars which the mortgage purports to secure can now never vest in him. *Bigelow* v. *Willson,* 1 Pick., 485.

The demand for an account should have been given in hand. *Roby* v. *Skinner,* 34 Maine, 270. *Farwell* v. *Sturdivant,* 37 Maine, 308.

APPLETON, C. J. This is a bill in equity to redeem a mortgage.

It appears that, on March 31, 1870, Seth Crooker mortgaged his homestead farm, consisting of two parcels of land purchased of different grantors, to Joseph McDonald to secure the sum of one hundred and fifty dollars, payable in one year. October 2, 1872, McDonald assigned his note and mortgage to the respondent, who in two days after that assignment, commenced proceedings to foreclose the said mortgage.

November 7, 1870, Seth Crooker mortgaged a part of his farm, being that purchased of one Elwell, to this complainant to secure a note of the following tenor:

"Poland, Nov. 7, 1870.

For value received, I promise to pay Cyrenious W. Crooker, or order, two hundred dollars without interest, payable when I sell my place where I now live in Oxford, Maine.

Witness, David Dunn. SETH CROOKER."

It remains to consider the various grounds urged by the counsel for the respondent against the maintenance of the bill.

I. The demand to render a true account was in writing and is in entire conformity with the provisions of R. S., c. 90, § 13, in its terms. It was left at the residence of the respondent. No question is made in the answer as to its reception. The right of the complainant to require an account is denied, and none was either rendered or prepared. The demand was sufficient.

II. It is alleged that the plaintiff's mortgage is fraudulent, but so far as the defendant is concerned as the assignee of a prior valid mortgage, he cannot interpose that ground of defense. His debt is secure. Whether fraudulent or not is a matter immaterial to him, as it in no way diminishes his security. Nor as such assignee has he any right to defend in behalf of the creditors of his mortgageor. *Powers* v. *Russell*, 13 Pick., 69.

But there is no evidence that the complainant's mortgage is fraudulent. The burden to show it so is on the respondent. The complainant testifies that the note was given for money loaned, and there is no evidence tending to disprove his assertion.

June 17, 1871, one Eben C. Andrews, having previously recovered judgment and execution thereon against Seth Crooker, sold at auction his right of redeeming the premises incumbered by the mortgages heretofore described to one Seth T. Holbrook, who September 2, 1872, conveyed to the respondent the title thus acquired.

February 10, 1874, the complainant by his attorney duly authorized, made a written demand upon the respondent to render him "a true account of the sum due on the mortgage, and of the rents and profits and money expended in repairs, if any," by leaving the same at his residence in Oxford, with a three cent postage stamp. To this demand no reply was made. The complainant thereupon, on the twenty-third day of the same month, commenced this bill to redeem the mortgage assigned by McDonald to this respondent, offering therein to pay whatever may be due thereon.

The respondent admits the execution of the mortgage of Seth Crooker to McDonald, its assignment to him, the sale of the

equity of redemption and its transfer to him, but denies that there is any consideration for the complainant's mortgage, and asserts that it was fraudulent and for the purpose of defrauding prior and subsequent creditors. Other facts set up in the answer will be considered.

III. It is claimed that the debt will never become payable, and can never be enforced.

The maker of the note promises to pay when he shall sell the place he lives on in Oxford, Maine. The debt is due *in presenti*. Its payment is postponed to a future time, but the debt none the less exists. The debt is absolute, the time of its payment indefinite.

In *De Wolfe* v. *French*, 51 Maine, 420, this court decided that where a debt is due absolutely, and the happening of a future event is fixed upon as a convenient time for payment merely, and the future event does not happen as contemplated, the law implies a promise to pay within a reasonable time.

In *Sears* v. *Wright*, 24 Maine, 278, where a note was payable "from the avails of the logs bought of M. M., when there is a sale made," it was held not payable upon a contingency but absolutely and when a reasonable time had elapsed to make sale of the logs, and that it was the duty of the maker to sell them. But whether it be logs to be sold or a farm can make no difference. The maker of the note is to make sale within a reasonable time to enable him to discharge his indebtedness.

If a party puts it out of his power to perform his contract, his liability at once accrues. It matters not whether by his neglect this be so, or whether it be intentional. The maker of a note by his indebtedness and suffering judgment and execution to issue against him and a levy to be made is not to be thereby permitted to defeat a debt justly due. It was the fault or neglect of the complainant's mortgageor that he was unable to sell his farm. Had he paid his debts, the sale of the equity would not have happened. But the complainant is not to suffer on that account.

Even though a recovery could not be had upon the note, it not being paid, it does not follow that the mortgagee could not maintain his suit. Where a note secured by mortgage is barred by

the statute of limitations, yet if not paid a recovery may be had on the mortgage. *Thayer* v. *Mann*, 19 Pick., 535.

IV. The respondent in his answer alleges that Seth Crooker, on March 27, 1871, mortgaged his homestead to one Austin Partridge to secure a note of three hundred and fifty dollars, which mortgage he alleges to be fraudulent on the part of the mortgageor. This mortgage was after the complainant acquired his title. It does not appear that he was present at its execution; that he had anything to do with it; or even that he had knowledge of its existence. Whether fraudulent or not, it cannot in any way affect the complainant injuriously.

V. It seems that some eight years ago or thereabouts this respondent held a small note given by Seth Crooker and this complainant as surety. This note he subsequently surrendered and in lieu of it took the note of Seth Crooker alone. The complainant was not present when this exchange was made and had nothing to do with it. He cannot be regarded as a debtor of the respondent. Nor is it perceived how these facts can have any bearing, adverse or otherwise, upon the maintenance of this bill.

> *Bill sustained, with costs for the complainant, who is found entitled to redeem the mortgaged premises. A master is to be appointed to ascertain the amount due.*

WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.