[No. 5042.]

## JOHN E. WILLISTON *v.* JOSEPH PERKINS ET AL.

CONDITIONAL CONTRACT TO PAY MONEY.—If the builder of a vessel agrees to pay for work done on the same when it is sold, he is entitled to only reasonable time within which to finish and sell it, and if he fails within a reasonable time to do so, the agreement to pay becomes absolute.

JUDGMENT IN GOLD COIN.—Judgment in gold coin cannot be rendered upon a verbal contract to pay money, unless there was an agreement to pay in gold coin.

ARGUMENT OF CASE.—If the appellant claims that there is no evidence to sustain a finding, and moves for a new trial on this ground, the respondent must point out such evidence in the transcript, if it exists.

APPEAL from the District Court, Seventh Judicial District, County of Solano.

The defendants built the schooner *Joseph Perkins*, at the city of Vallejo, said county. They were associated under the name of the "Co-operative Ship Building Association," and commenced constructing the vessel in April, 1874, and completed it in January, 1875. While the vessel was being built, the association gave their laborers certificates, of which the following was the form:

"VALLEJO, CAL., July 11, 1874.

"This certifies that Chas. Booth is entitled to receive fifteen dollars and 75-100, in payment for three and a half

days work in the employ of the Vallejo Co-operative Ship Building Association, when the three-masted schooner now in course of construction by said association is sold. This certificate when properly indorsed is payable to bearer.

"JOSEPH PERKINS, President.

"ORIN C. JUNKINS, Secretary."

The plaintiff purchased a large number of these certificates, and in March, 1875, brought this action to recover judgment in gold coin on them. The defendants ·claimed that the certificates were not due, as the vessel was not yet sold. The court found that the defendants did not use reasonable diligence in the construction of the vessel, and did not make an honest effort to sell it at its market value, and rendered judgment, in gold coin, for the plaintiff. The defendant appealed.

*J. F. Wendell,* for the Appellants.

Where time is given for payment upon an agreement to give security, which agreement is broken, the remedy is suit for damages for breach of the agreement, but the original debt does not thereby become due, and suit upon it cannot be maintained till the period of credit has expired. (*Mussen* v. *Price,* 4 East, 146; *Hanna* v. *Mulls,* 21 Wendell, 90.)

*George A. Lamont,* for the Respondent.

Defendants were bound to use diligence and dispatch in the construction and sale of the vessel. (*Nunez* v. *Dantel,* 19 Wallace, 561.)

By the COURT:

The defendants were entitled to only reasonable time in which to finish and sell the schooner, and that time having elapsed, the plaintiff could maintain this action. (19 Wall. 560.)

But the appellants claim in their points on file that there was no evidence whatever going to sustain the third finding, to the effect that by the agreement of the parties the demand

sued for was to be paid in gold coin, and this was the first ground of their motion for a new trial in the court below.

The case was submitted here without oral argument. The respondent in his printed points has not adverted to this position of the appellants. If there be in the voluminous record on file any evidence going to support the finding in the respect referred to, the respondent should have pointed it out. It is not our business to institute a search to find it.

Cause remanded, with directions to modify the judgment by striking out the gold coin clause therein.