Davis, J.
If the reason given by the court of common pleas, for directing a verdict for the defendant, were the only reason therefor which may be found in the record, we should feel disposed tó affirm the judgment of the circuit court reversing the judgment of the court of common pleas; because, assuming that the indorsement on the -back of the instrument constitutes an equitable assignment of an interest, it would still seem to be only a matter of making an additional party at the costs of the plaintiff. • There are, however, other considerations' which appear to us to conclusively show the correctness of the judgment in the court of common pleas, notwithstanding a wrong reason was given for it.
*395 Although the paper writing which is set out m the plaintiff’s petition, and which is in form both a receipt and a contract, is put in issue in all respects by the answer of the defendant, it was offered in evidence and admitted, over the objection of the defendant, as an ancient document, without any evidence as to who had the custody of it, from whom it came, or as to the antiquity and genuineness of it, which were disputed; nor any evidence to explain numerous suspicious circumstances which appear on the face of the document and in connection with it; nor any evidence to rebut the presumption which arises after the lapse of twenty years. In short, it was allowed to go to the jury as proving itself in every respect, except with the aid, whatever it may be, of a statement in the book of the decedent, Buckingham, that he and Wright had procured from Hull, the plaintiff, $3,000 and paid it on the purchase price of the land mentioned in the petition. Aside from the proof of presentation of the claim to and its rejection by the executor of Buckingham, this was the whole evidence on part of the plaintiff. The defendant not only objected to the introduction of the paper in evidence, but he clinched his objection at this point by a motion to arrest the testimony from the jury and to direct a verdict. This motion was overruled, and thereupon the defendant offered in evidence the indorsement on the back of the paper; and he also called three witnesses who testified that the paper was not in the handwriting of Buckingham, whose estate is sought to be held liable for this obligation. And this was all the evidence produced *396 on the trial. Was this sufficient to justify the case being submitted to the jury?
An ancient document is one which is not less than thirty years old, the time to be computed from the date of the execution of the instrument. In order to render it admissible as evidence, there must be at least some evidence accounting for its custody andn that it was produced from the proper custody; and there must be at least some evidence of its antiquity, although it may purport to be ancient. The statement sometimes made, and apparently acted upon in this case, that ancient doc-,, uments prove themselves, is too broad and must be taken with the limitations already stated, especially when the document is accompanied with circumstances of suspicion. 2 Elliott on Evidence, Secs. 1323, 1324. In Wilson v. Betts, 4 Denio, 213, Bronson, C. J., said: “But the mere fact that the instrument has existed for more than thirty years, unaided by other proofs, can not be enough to establish it in a court of justice. In the ordinary affairs of men it is very often assumed without proof that he whose name has been affixed to a written instrument placed it there himself. But when signing becomes a matter of legal controversy, it must be established by proof. And showing that the instrument is thirty years old has no greater tendency to prove it genuine than would the fact that it had existed for a single day. The mere fact of existence, whether the time be long or short, has no tendency whatever, in a legal point of view, to prove the due execution of the instrument. It may be said in any case that a deed is probably genuine because it is not probable that *397 any one would forge it; but when the execution of the deed is in question, courts never act upon such presumptions. It has sometimes been loosely said that when there are no circumstances of suspicion, a deed thirty years old proves itself. But there is no just foundation, either in principle or authority, for such a dictum. I need not go over the cases.”
In the case now in hand there was no proof, and there was no attempt to prove, that the paper had been kept by and was produced by the. plaintiff. True it is that it was produced and offered in evidence by the plaintiff’s attorneys, which, if there were no suspicious circumstances connected with it or suggested by it, might be sufficient; but such there are. When and by whom was it made? It bears no date, and while it recites that the money was received by Buckingham and White August 7, 1873, that date is not synchronous with the date in Buckingham’s book, where it is stated that $3,000 was procured from Hull, the plaintiff, and paid as part of the purchase money. There, the date is August 1, 1873, and nothing is said there about return or repayment of the money, or about the terms or manner thereof, as in the paper writing. There was no attempt to explain this discrepancy. The execution of the paper by Buckingham and Wright is put in issue by the answer, and defendant produced testimony that the document is not in Buckingham’s handwriting, and nothing to the contrary appears, nor anything to show that it was in the handwriting of Wright.
Again, both at common law and in equity, after the lapse of twenty years from the maturity of an indebtedness, a presumption that it has been paid *398 arises, and in the absence, of rebutting evidence, the presumption is so far controlling that the court may dismiss the petition or direct a verdict. 22 Am. & Eng. Ency. Law (2 ed.), 591, 595, 599. So again, if the statutory limitation of fifteen years had' elapsed after right of action had accrued, and' that appears from the instrument itself, the court might direct a verdict.
Hence, it becomes important to determine when the cause of action accrued under this instrument, if it be shown to be admissible. A leading case is Hicks v. Shouse, 17 B. Monroe (Ky.), 483, in which it was held that .an obligation to pay five hundred dollars “so soon as I sell my house and lot in the city of Lexington, and until said sale is made I promise to pay eight per cent, interest on said sum,” because due in a reasonable time, and that seven years, which was the time before suit in that case, was long enough for the payee to wait.
“Where there is a present indebtedness due absolutely, and the happening of some future event is fixed as a convenient time for payment merely, and such future event does not happen, the debt is payable within a reasonable time.” Noland v. Bull, 24 Or, 479.
It was held in Williston v. Perkins, 51 Cal., 554, that if a builder of a vessel promises to pay for work done on the same when it is sold, he is entitled to only reasonable time within which to finish and sell it, and if he fails within a reasonable time to do so, the agreement to pay becomes absolute.
In Sears v. Wright, 24 Me, 278, it was held that where a note is made payable “from the avails of the logs bought of M. M, when there is a sale *399 made,” it is not payable upon a contingency, but absolutely, when a reasonable time has elapsed to make a sale' of the logs.
The foregoing are typical cases. There are many others of the same import. We refer to one other, Lewis v. Tipton, 10 Ohio St., 88, which was a case involving construction of a promissory note in the following form: “June 20, 1855. For value received, I promise to pay to the order of James A. Tipton, ninety-five dollars in current money of Ohio, when I can make it convenient, with ten per cent, interest till paid.” This court held that the note was payable in a reasonable time after its date.
Finally, on this point, it was determined by this court, in a recent case, that ordinarily an issue as to the reasonableness or unreasonableness of anything is a mixed question of law and fact; but where the facts are clear and undisputed, it is purely a question of law. Kroll v. Close, 82 Ohio St., 190.
We therefore are warranted in holding that this paper writing purports to be an agreement to pay within a reasonable time. It has no date, but from what appears on its face and in the indorsement on the back thereof, its date may be assumed to be some time prior to September 5, 1873; and in the absence of any evidence of rebutting circumstances, we may safely say that ten years, and even less, was a reasonable time within which the obligors should pay this claim of three thousand dollars and interest. Hence, the statute of limitations, as well as the presumption of payment in twenty years, would begin to run ten j^ears from the time of the execution of the instrument. That is to say, that *400 this paper, the foundation of the plaintiff’s action, would be actually barred by the statute of limitations in twenty-five years from its execution, and the presumption of payment at common law and in equity would be complete in thirty years from its execution, unless it be shown by evidence that a reasonable time for payment would be much longer than we have fixed it. Yet the plaintiff, with all of these presumptions and suspicions against the paper, contents himself, and insists that it proves itself and that it be admitted as an ancient document to stand alone and make out his whole case without any explanation or support whatever. It was so admitted, and that was error. But if it be left standing in the record, we think that the proof fails to sustain the issues on part of the plaintiff.
The judgment of the circuit court is reversed and that of the common pleas affirmed.

Reversed.

Spear, C. J., Shauck, Price and Johnson, JJ., concur. Donahue, J., not participating.