**DAILY v. QUINN.** (8 Div. 490.)

(Supreme Court of Alabama. Nov. 2, 1922.)

**1. Appeal and error ⚖═499(4), 501(4)—Instructions unobjected to not subject to review.**

Where error was assigned to the giving of parts of an instruction, but the record does not show that objection was made or exception reserved to any part of it, no part of it is subject to review.

**2. Trial ⚖═252(4)—Requested instruction on irrelevant issue properly refused.**

In action for money due on account stated, where the three-year statute of limitations was not applicable, and under the evidence was irrelevant, requested instruction under that plea was properly refused.

**3. Party walls ⚖═10—Evidence held to show agreement to pay for wall.**

Where defendant agreed to pay for a party wall and said he would "pay it in the fall when he started to build," and that he had made arrangements to build that fall, a finding that the creation of a debt was intended, and that the condition stated operated merely to postpone its payment, was supported by evidence.

**4. Party walls ⚖═8(2)—Five years more than a reasonable time within which to pay for party wall.**

Where defendant purchased a lot and agreed to erect a party wall, after his failure within a reasonable time to erect a building the debt became due and payable, and five years elapsing between the promise and time of trial was more than a reasonable time.

**5. Account stated ⚖═20(1) — Affirmative charge properly refused where there are questions for jury.**

In action on account stated, where there were questions for the jury as to the implied obligation of defendant to pay a debt within a reasonable time thereafter, the refusal of the affirmative charge for defendant was not error.

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Party walls ⊕〰️I·0—Deed admissible in action on party wall contract as explanatory of relations of parties.**

In action arising out of a party wall agreement, deed from plaintiff to defendant was admissible, not as evidence of an obligation of defendant, but as explanatory of relations of the parties and their respective properties and to show inducements which led up to and influenced their agreement and intentions.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Action by Y. M. Quinn against D. L. Daily. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Plaintiff sues on a general assumpsit for money due on an account stated on a special assumpsit for money due him for building a brick wall for defendant.

Plaintiff sold to defendant in 1914 a town lot adjoining another lot owned by plaintiff, a part of the consideration being defendant's grant to plaintiff of a joint half interest in "the west wall of the building to be erected on the hereinafter described lot, and a right to build to or join said building on the west" with any structure plaintiff might choose to erect, and a further right to raise said wall to any height needed for plaintiff's structure.

Defendant did not build a wall as expected by plaintiff, and plaintiff went to him in the early part of 1916 to try to induce him to do so. As to what occurred between them, plaintiff testified:

"He said it was too early in the year to start to build on account of the war, and I suggested to him that I build the wall and him pay me the cost of it when he built his house later on in the summer. * * * He agreed to that. * * *"

Plaintiff testified further:

"The building was completed in the early summer or late spring. Right after that I rendered Mr. Daily an account of what it cost. * * * He made no objection, only said it looked like the foundation was high. I told him I charged him what it cost me to lay it. It was laid under his direction. He then and there agreed to pay the amount of the wall and the foundation upon which it stood, amounting to $361.87. He said he would pay it in the fall when he started to build. He said he had made arrangements to build that fall. He has not paid me."

On cross-examination he testified further:

"Mr. Daily told me he was not willing to pay anything unless he built to it, and unless he did he didn't feel obligated, but that was a year after this all happened. I expected my money in the fall of 1916 when he agreed to pay it [about November, 1916]. He said he owed me and was going to pay me."

Defendant testified that when plaintiff came to him for payment he told him "the understanding was I was to pay you when I joined to the wall," and, further, that he proposed to pay plaintiff if he ever did that, and not unless he did, and that he did not consider that he owed him anything unless he built his store adjoining.

It appears without dispute that defendant never built to the wall nor used it in any way, and that he sold the lot in 1921.

The jury found for plaintiff, and judgment was rendered accordingly, from which defendant appeals.

The questions presented are sufficiently stated in the opinion.

J. Foy Guin and Henry D. Jones, both of Russellville, for appellant.

Since the facts do not show a completed contract, the plaintiff should not have been allowed to recover on the contract count. 199 Ala. 535, 74 South. 950; 181 Ala. 565, 61 South. 914; 186 Ala. 394, 64 South. 615. Plaintiff had no more than a claim on an open account, which was barred by the statute of limitations of three years when the suit was brought. Code 1907, § 4838; 68 Ala. 149; 72 Ala. 254; 87 Ala. 558, 6 South. 341.

Travis Williams, of Russellville, for appellee.

The contract was complete when plaintiff built the wall. The statute of three years does not apply.

SOMERVILLE, J. [1] Appellant assigns for error the giving of several portions of the oral charge given to the jury. The record does not show that any objection was made or exception reserved to any part of that charge, and of course no part of it is now subject to review.

[2] The three-year statute of limitations was not applicable to either count of the complaint, and under the evidence it was wholly irrelevant. Defendant's requested instruction to find for him under that plea was properly refused.

Appellant's main insistence is that the evidence failed to make out a case for plaintiff, in that the agreement shown by plaintiff's own testimony imposed upon defendant the obligation to pay the agreed amount for building the wall only when he should build his house to the wall later on in the summer or in the fall, and that, not having thus built, the condition to his liability was not fulfilled, and his liability was thus effectually avoided and has never attached.

"Where a promise constitutes a present liability, and payment is postponed until the happening of an event which does not happen, payment must be made within a reasonable time." 13 Corp. Jur. 684.

And "where a party to a contract undertakes to do some particular act, the performance of which depends entirely on himself, and the con-

.tract is silent as to the time of performance, the law implies an engagement that it shall be executed within a reasonable time, without regard to extraordinary circumstances. The promisor cannot postpone the time for performance of his obligation by preventing the event from occurring." Id. 684, 685.

A distinction is to be noted between a condition to the creation of an obligation and a condition as to the time of its performance merely.

[3] In the instant case the testimony of plaintiff would readily support the conclusion that the parties intended to create the debt, and that the condition stated operated merely to postpone the time for its payment. In such a case the law is clearly settled by the highest authorities that, if the stipulated event does not occur, there is an implied obligation nevertheless to pay the debt within a reasonable time thereafter. Nunez v. Dantel, 19 Wall. 560, 562, 22 L. Ed. 161; Hicks v. Shouse, 17 B. Mon. (Ky.) 483; Crooker v. Holmes, 65 Me. 195, 20 Am. Rep. 687; Randall v. Johnson, 59 Miss. 317, 42 Am. Rep. 365; Williston v. Perkins, 51 Cal. 554; Simon v. Etgen, 213 N. Y. 589, 107 N. E. 1066.

In Nunez v. Dantel, supra, the defendants had acknowledged the debt and agreed to pay it "as soon as the crop can be sold, or the money raised from any other source." The court said:

"No time having been specified within which the crop should be sold or the money raised otherwise, the law annexed as an incident that one or the other should be done within a reasonable time, and that the sum admitted to be due should be paid accordingly. Payment was not conditional to the extent of depending wholly and finally upon the alternative mentioned. * * * It could not have been the intention of the parties that, if the crop were destroyed, or from any other cause could never be sold, and the defendants could not procure the money from any other source, the debt should never be paid. Such a result would be a mockery of justice."

In Hicks v. Shouse, supra, the obligation was to pay $500 "so soon as I sell my house and lot in the city of Lexington." The court said:

"A reasonable construction should be given to the covenant; the intention of the parties should be effectuated, if practicable, and their intention carried out. Such a construction, as we think, results in the conclusion that the house and lot was to be sold in a reasonable time, or the money be paid without a sale. The argument of defendant's counsel would, as it seems to us, lead to an absurdity, and would do violence to all reasonable calculation as to the intention of the parties."

In Crooker v. Holmes, supra, the obligation was payable "when I sell my place where I now live." Said the court:

"The debt is due in praesenti. Its payment is postponed to a future time, but the debt none the less exists. The debt is absolute, the time of its payment indefinite."

In Simon v. Etgen, supra, in upholding a similar obligation, the court said:

"Every contract, implies good faith and fair dealing between the parties to it. * * * When the contract between these parties is read in the light of this implication, it is obvious that the defendants assumed the obligation to sell within such reasonable time as the circumstances would permit. * * * The courts always avoid, if possible, any construction of a contract that is unreasonable or inequitable, and especially one that will place one of the parties at the mercy of the other."

In the case before us, accepting as true, as the jury evidently did, the plaintiff's version of the agreement for building the wall, it seems clear that the parties understood and intended that Daily should and would erect a building on this wall at an early date, either in the late summer or in the fall, as stated, and that they intended to create a debt which was to be paid. This is a more reasonable construction of the agreement than one which would make the payment contingent upon the mere pleasure or caprice of the debtor. Certainly such a construction, however conformable to the letter of the agreement, would be unreasonable and grossly inequitable in its results.

[4] For these reasons, and in harmony with the best-considered authorities, we hold that, after defendant failed within a reasonable time to erect the building as contemplated by both parties, and especially after he had placed it beyond his power to do so by selling the lot whereon it was to be erected, the debt to plaintiff became due and payable. Crooker v. Holmes, 65 Me. 195, 20 Am. Rep. 687.

What was a reasonable time was, under the evidence in this case, a question of law (Nunez v. Dantel, 19 Wall. 560, 22 L. Ed. 161), and the five years here elapsed was much more than a reasonable time.

[5] It was for the jury to determine whether the facts existed which rendered defendant liable under the conclusions of law above stated, and the general affirmative charge for defendant was properly refused.

[6] One other contention of appellant is that the trial court erred in admitting in evidence the deed from plaintiff to defendant conveying the lot upon which defendant's building was intended to be erected, and reserving to plaintiff the right to use its wall as a party wall for his own building if he should erect one. We think the deed was admissible, not as evidence of an obligation on the part of defendant, but as explanatory of the relations of the parties and their respective properties, and as showing the inducements which led up to and influenced their actual agreement and intentions.

The several assignments of error are without merit and must be overruled.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.