SHELVA GLAZER, PLAINTIFF-APPELLANT, v. MARTIN
KLUGHAUPT, DEFENDANT-RESPONDENT.

Submitted February 14, 1936—Decided May 14, 1936.

For the appellant, *Loeb & Saltzman*.

For the respondent, *Martin Klughaupt, pro se (Leo Bruck,* of counsel).

The opinion of the court was delivered by

HEHER, J. Plaintiff sued to recover the balance claimed to be due for secretarial and stenographic services rendered to defendant, a member of the bar of this state, under an express contract of hire. The complaint alleged that, for a period of five years prior to August 17th, 1931, the defendant "had been paying attentions to the plaintiff and had promised to marry her;" that, on the stated day, they entered into a contract whereby plaintiff agreed to render such services, and defendant, "in consideration thereof," promised to "pay her the sum of $5 per week in cash and that he would pay an additional amount of $5 each and every week, by saving and reserving such amount for her until their marriage, upon the happening of which event, he would turn over the accumulated savings in cash so that she, the plaintiff, could make such purchases for their home as the amount saved and reserved for her would purchase;" that plaintiff rendered the services so bargained for from the date mentioned until she "relinquished her position" on November 12th, 1934, a period of one hundred and sixty-nine weeks; that in September, 1933, the weekly wage rate was increased to thirteen dollars, with a like stipulation for the retention by defendant of $5 weekly; that defendant "has failed to marry the plaintiff," and has signified to her "his intentions of terminating and severing his relations with" her; and that he has likewise refused to pay to plaintiff the weekly sums so retained.

The complaint was, on defendant's motion, struck out on the theory that such cause of action as plaintiff may have had under the contract had been abolished by chapter 279 of the laws of 1935. *Pamph. L., p.* 896. From the consequent judgment, plaintiff appeals.

The statute (paragraph 1) purports to abolish "rights of action heretofore existing to recover sums of money as damage for * * * breach of contract to marry." It was provided, by paragraph 2, that all such causes of action which had theretofore accrued "must be commenced within sixty days after this article takes effect," and, by paragraph 3, that all actions to recover "a sum of money for a breach of a presently existing contract to marry must be commenced" within a like period after the accrual of the cause of action, or be "forever barred for lapse of time."

The constitutionality of this legislation is not at issue. Nor is it necessary to resolve that question, for the right claimed to have been thus infringed is not within the statutory class.

The pleaded cause of action rests upon the contract of hire, and not the asserted contract to marry. It is averred, in substance, that payment of the retained portion of appellant's weekly earnings was, by express stipulation, postponed until the happening of a contingency, *i. e.*, the performance of the marriage contract. There being no provision for a definite time, the law presumes that it was the intention of the parties that the contingency upon which the payment of the accumulated earnings depended would happen within a reasonable time. This is an implied term of the contract. Otherwise, if the occurrence of the contingency were within the employer's control, as is the case here, he might, of his own volition, so postpone the time as to deprive the employe of his right of action; and this would, ordinarily, do violence to the intention of the parties. See *Wolf* v. *Marsh*, 54 *Cal.* 228; *Hood* v. *Hampton Plains Exploration Co.*, 106 *Fed. Rep.* 408.

As in the latter case, the obligation to pay the accumulated earnings was an absolute one; the time of payment merely was uncertain and indefinite. As the complaint states the transaction, the weekly sums retained were regarded as appellant's "accumulated savings," to be turned over to her upon the happening of the marriage, and, by the same token, to be paid to her if the stated contingency did not occur within the

time presumed by law to be within the contemplation of the parties, *i. e.*, a reasonable time. Payment was not conditioned upon the occurrence of the contemplated marriage. And such a stipulation will not be implied. Essentially, the contract, as alleged, bound respondent to pay over to appellant her "accumulated savings" upon the happening of the specified event, or the lapse of a reasonable time for its occurrence, which the law annexed as an incident of the stipulation; the right to the accumulated earnings then accrued. See *Nunez* v. *Dautel*, 19 *Wall*. 560; 22 *L. Ed*. 161; *Williston* v. *Perkins*, 51 *Cal*. 554; *Crooker* v. *Holmes*, 65 *Me*. 195. The rendition of the service was not a consideration for the asserted promise of marriage; these promises were in no sense consideration one for the other.

What constitutes "reasonable time" is generally a question peculiarly within the province of a jury, unless, upon all the evidence, only one inference may fairly be drawn. It is a question for the determination of the court only when the facts are undisputed and different inferences cannot reasonably be drawn therefrom. *Edge* v. *Boardwalk Securities Corp.*, 115 *N. J. L.* 286; 179 *Atl. Rep.* 270; *Lastowski* v. *Lawnicki*, 115 *N. J. L.* 230.

The right of action which appellant seeks to enforce is one arising from the contract of hire, and is not, in its essence, a cause of action for damages based upon the breach of the claimed marriage contract. The appellant seeks the recovery of accumulated earnings, not damages consequent upon a breach of respondent's alleged undertaking to marry her. The complaint disclosed an enforceable cause of action, and the order dismissing it was therefore erroneous.

Judgment reversed, and cause remanded for further proceedings in conformity with this opinion.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.