55 So.2d 833

### SIMS v. CITY OF BIRMINGHAM.
#### 6 Div. 259.

Supreme Court of Alabama.

Nov. 8, 1951.

Rehearing Denied; Period for Compliance with Decree Extended Jan. 10, 1952.

Henry Upson Sims, Birmingham, for appellant.

J. Reese Johnson and John S. Foster, Birmingham, for appellee.

FOSTER, Justice.

This is the second appeal in this case. Sims v. City of Birmingham, 254 Ala. 598, 49 So.2d 302.

The only question on this appeal is whether the property, for which the City of Birmingham must pay appellant as a condition to opening a street dedicated by the predecessors of appellant on condition that such payment be made, should be valued as of the present when the condition is met or as of the date of such dedication, 1872, or, we might add, a reasonable time thereafter.

The trial court fixed the present value as controlling. The controversy is determined by an application of legal principles to the instrument of dedication and the circumstances of the transaction. By it the grantor, under whom appellant claims, made a conveyance for public use but reserved the right to retain the use and occupancy of the dwelling and outhouses then occupied by him on said strip of land until such time as the grantee, predecessor of appellee, should desire to open 31st Street. At that time the grantee must pay to the

grantor in cash the value of said dwelling and outhouses which may be situated in said street so dedicated at the time of the valuation.

In 1916 the City of Birmingham filed a suit in equity, which reached this Court and is reported, City of Birmingham v. Graham, 202 Ala. 202, 79 So. 574, to require Mrs. Graham, who had succeeded to the rights of the grantor and to whose rights appellant has succeeded, to remove as a nuisance the buildings referred to from the strip so dedicated. There was no cross-bill seeking relief either to enforce a vendor's lien or to foreclose the right of the city to comply with the condition. It was ruled in this Court that the effect of the grant of dedication was a conditional one running with the land and that the city had the right to comply with the condition and open the street when the city should desire to do so, as expressed in the instrument of dedication; that the conditional dedication running with the land secured to the grantor, his heirs or assigns, the right to use and occupy the dwelling and outhouses designated for the time indicated, but secured to the grantee or its assigns the right to open the street as a public thoroughfare at any time the grantee or assigns may think proper on payment in cash of the assessed value of the dwelling and outhouses situated thereon. It was also observed that the value of such buildings as may have been erected by Mr. Worthington, the original dedicator, in the reasonable exercise of his right of occupancy to the time he conveyed to his wife (in the line of conveyances to appellant), was secured to him and his assigns by the covenant in his conveyance to his grantee (the predecessor of the city), and constituted a part of the purchase price of the land that must be paid for, as per the covenant conditions. That this was not contrary to the law of dedication. That this dedication was subject to the payment of the balance of the purchase money necessary to secure from Mr. Worthington or assigns an unencumbered title thereto. By such conditions the parties thereto, heirs and assigns were bound as to the consideration, the time and terms of payment and the use to which the land was to be subjected. It was also ruled that the payment did not include buildings afterward erected by the assigns of Mr. Worthington, but that such buildings might be removed from the land before or when the conditions of the covenant running with the land are complied with. The opinion observed that the limitations on the dedication "can have no application to Mr. Worthington's vendor's lien thereon for the cost or value of said buildings," and, again, that "the right of the owner of the vendor's lien was duly *reserved against his grantee* and its assigns and against an unconditional acceptance of the land by the public until the purchase price thereof was fully discharged." The conveyance was called a conditional conveyance or a conditional dedication. And "that when the terms of the purchase and dedication are complied with by payment in cash of the value of the buildings situated thereon at the date of Worthington's conveyance, Mrs. Graham's interest therein and right of occupancy will terminate."

There was no question presented by the pleadings as to whether Mrs. Graham had a vendor's lien. She made no such claim, so far as the record of the case shows. The issue made was by the city, and that was whether the buildings should be removed without a compliance with the terms and conditions of the dedication. The Court made no firm declaration that a vendor's lien enforceable as such was created. A vendor's lien, properly speaking, is a creature of law, not of express contract. If a lien is created by contract, that contract controls and not the principles of a vendor's lien raised by equitable interpretation. Spangler v. Barber, 245 Ala. 386, 17 So.2d 232; Qualls v. Union Central Life Ins. Co., 242 Ala. 619, 7 So.2d 558; City of Eufaula v. Alabama Power Co., 233 Ala. 257, 171 So. 368; Cobb v. Stinson, 229 Ala. 78, 155 So. 586. But in common parlance such a reservation is often called a vendor's lien, and so it was in that case, which often referred to it as created by the terms of the reservation. There was no burden upon Mrs. Graham in that case to

set up as an issue a right to a vendor's lien. A. B. C. Truck Lines v. Kenemer, 247 Ala. 543, 25 So.2d 511. Since no such claim was made by her, which she might have done by a cross-bill, no question of res judicata obtains.

The instant suit was filed August 2, 1947 by appellant, who succeeded to the rights of Mrs. Graham, and sought to quiet the title to the strip of land or, in the alternative, a strict foreclosure of an alleged vendor's lien. The case came to this Court for review of a decree denying relief to complainant. Sims v. City of Birmingham, 254 Ala. 598, 49 So.2d 302. We noted that the deed of dedication contained a condition precedent to the use of the property as a street, and that in substance and effect the bill sought a foreclosure of that condition, and that in this suit the court could ascertain the value of the improvements to be paid as a condition to opening the street and make a decree allowing the city a fixed reasonable time in which to comply with the condition named, and in default of such compliance the right to open the street should be forever foreclosed and barred. In our opinion, the right of this complainant or of Mrs. Graham in the former suit to a vendor's lien never arose. That suit did not hold that a vendor's lien existed in the grantor, but in some places the opinion so referred to it. The bill sought, as the opinion shows, to abate a nuisance consisting of certain buildings maintained in a designated street. The decree was that:

"This cause is submitted upon pleadings and proof and objections as noted by the register, and the same having been considered and understood, the court is of the opinion that each and every objection of the respondent is not well taken, and further that the complainant is not entitled to the relief prayed.

"It is therefore ordered, adjudged and decreed that the objections of respondent (to parts of the testimony) be and the same are hereby separately and severally overruled.

"It is further ordered, adjudged and decreed that the bill of complaint be, and hereby is dismissed.

"It is further ordered, adjudged and decreed that the complainant be taxed with and pay the cost herein accrued, for which execution may issue."

That decree was affirmed by this Court, and that was all that was decreed in that suit by either court. The opinion refers, as we have shown, to the payment for the buildings in two aspects. One, that it is a condition to the dedication, and the other that it is a part of the purchase price. It is possible to be both. But the right was reserved by express terms, and that is generally regarded as conflicting with the implied lien, as we have shown, though it is sometimes called a vendor's lien in loose terms. The lien does not always arise because of non-payment of the purchase price. Other elements must concur. So that reference in the opinion to the purchase price is not a holding that a lien arose by implication of law at the time. The reference to a vendor's lien is that it "was duly *reserved* against his grantee and its assigns," and "against an unconditional acceptance of the lands by the public until the purchase price was fully discharged." All show that in the use of the term "vendor's lien" the writer is merely stating in general terms the reservations in the deed, by way of argument to support a holding that by reason of those express terms the city cannot open the street without paying as a condition to do so the value of the buildings, which was a part of the consideration for the purchase. But whether a vendor's lien in its true sense was subject to be declared or enforced, contrary to a right to do so on the facts as they were shown, was not involved in the right claimed in the original bill, and was not sought to be declared and enforced by a cross-bill, and was not decreed in that case. City of Birmingham v. Graham, 202 Ala. 202, 79 So. 574.

■ Appellant contends that his rights are controlled by the principles which apply to a vendor's lien, and that in the former suit it was adjudged there existed such a right, and that the amount to be paid in settlement of a vendor's lien is the purchase price fixed as of the date of the convey-

ance. Appellant's contention is based upon the correct theory that a vendor's lien must exist as of the date of the conveyance. Counsel also point to the principle that to enforce a vendor's lien there must be at that time "a definite, ascertained, absolute debt, owing alone for the purchase price of the land conveyed." On the contrary, "no such lien arises where the consideration for the conveyance is an uncertain, indefinite, contingent demand." Burroughs v. Burroughs, 164 Ala. 329, 50 So. 1025, 20 L.R.A.,N.S., 607.

We agree of course that a vendor's lien does not exist unless there is "a debt due to the complainant, contracted in the purchase of the land, still unpaid, and which the purchaser, either at the time, or at some prior date, was liable to pay as a primary debtor, without condition." Thomason v. Cooper, 57 Ala. 560, 564; Scheerer v. Agee, 106 Ala. 139, 150, 17 So. 610; Hood v. Christopher, 214 Ala. 603, 108 So. 519.

There can be no doubt as an independent proposition that no technical vendor's lien by operation of law arose in respect to the instant transaction. There was an implied promise to pay for the value of the buildings at such time as the grantee may desire to open the street. 26 C.J.S., Deeds, § 89, note 60, p. 336. The power of the grantor to enforce a claim for the value of the buildings was by an express reservation of possession in the deed for that purpose. That is not a vendor's lien, properly termed. The rights of the parties are determined by the terms of the deed, not the principles of an implied vendor's lien.

The principle on which complainant's right depends is properly based upon the effect of a failure to give expression to his will by the grantee in a reasonable time since no time is specified, other than his will. When no time is specified in which an act may be done, the law requires that it be done in a reasonable time, if at all, even though the time of its performance is dependent upon the will of the party involved. 17 C.J.S., Contracts, § 503, page 1063. "The promisor cannot postpone the time for performance of his obligation by preventing the event from occurring." 17 C.J.S., Contracts, § 503, note 93, p. 1065; Baker v. Gaskins, 125 W.Va. 326, 24 S.E. 2d 277 (10 and 11); George Finberg Co. v. Jamison, Tex.Civ.App., 260 S.W. 884; Glazer v. Klughaupt, 116 N.J.L. 507, 185 A. 8; Morvant v. Russell & Clemmons, La. App., 11 So.2d 45; Daily v. Quinn, 208 Ala. 398, 94 So. 523; Price v. Stonega Coke & Coal Co., D.C., 26 F.Supp. 172(8). See, also Stonega Coke & Coal Co. v. Price, 4 Cir., 106 F.2d 411; Hogevoll v. Hogevoll, 59 Cal.App.2d 188, 138 P.2d 693.

In the former litigation it was not sought to cut off the right by a failure to exercise it in a reasonable time. It was not cut off by that litigation. As we have said, the duty to pay for the buildings was implied by the contract, by which the two acres were deeded. That deed did not grant an option to open a street, but it operated as a present grant of the property. The time of payment was dependent upon the will of the grantee. There was a duty to give expression to that will within a reasonable time, and then to perform the duty to pay an amount equal to the value of the buildings. Daily v. Quinn, supra.

The right of the city at the present time is to have a specified time in which to remove the condition attached to the dedication by payment of the value of the buildings as of the date of the filing of the instant bill, and in default thereof to declare a foreclosure of the right to open the street dedicated on that condition. The city must now be given a reasonable time in which to pay an amount fixed as of the time of the filing of the bill in this case. The final decree allowed the city sixty-five days from that date to make the election and pay the present value of $150, if it elects to exercise its rights, and if it elects not to pay $150 within that time, all its rights and claim to the property are divested out of the city and invested in complainant.

The decree of the trial court conforms to this opinion, and is affirmed with the provision that the sixty-five days there provid-

ed shall extend from the date of this judgment.

Affirmed.

· BROWN, SIMPSON, STAKELY and GOODWYN, JJ., concur.

LIVINGSTON, C. J., and LAWSON, J., concur in the result.