## Bobeck v. Rushin

*Frank Slattery*, for plaintiff.

*Charles A. Shea*, for defendant.

FLANNERY, J., May 13, 1954.—We have under consideration defendant's preliminary objections to plaintiff's complaint.

The complaint alleges that the parties in 1936 agreed to marry. It is charged that defendant violated that agreement when, in December 1952, he married another. For that alleged breach, plaintiff demands damages which the complaint sets up in two counts.

The first count claims that plaintiff "upon consideration and contemplation of marriage" did in September of 1945 "give" defendant various pieces of office furniture, there specified, to a value of $261.88. It is averred that when defendant married, plaintiff demanded their return, which was refused. Thereafter, according to the complaint, defendant "converted and disposed of the goods to his own use and benefit". Judgment for their value, $261.88, is demanded.

The second count claims that plaintiff, "upon consideration and contemplation of marriage", did on September 26, 1950, lend defendant $1,500. The loan was not repaid and when plaintiff finally asked for the return of her money the request was refused. Judgment is demanded for this sum with interest.

Defendant bases his preliminary objections on the Act of June 22, 1935, P. L. 450, 48 PS §§171, 172, the relevant sections of which are as follows:

"All causes of action for breach of contract to marry are hereby abolished: Provided, however, that this section shall not apply to contracts now existing or to causes of action which heretofore accrued.

"No act hereafter done within this Commonwealth shall operate to give rise, either within or without this Commonwealth, to any of the causes of action abolished by this Act. No contract to marry, which shall hereafter be made within this Commonwealth, shall operate to give rise, either within or without this Commonwealth, to any cause of action for breach thereof. It is the intention of this section to fix the effect, status, and character of such acts and contracts, and to render them ineffective to support or give rise to any such causes of action, within or without this Commonwealth."

The transaction described in the first count would appear to be embraced within the statute and, as to it, defendant's objection must prevail.

Plaintiff's complaint alleges she "gave" defendant goods and chattels "upon consideration and contemplation of marriage". Now because the engagement is broken she sues for their value. Clearly it was the contract to marry which gave rise to the cause of action for its breach. Clearly it was the intention of the statute to render such contracts ineffective to support such causes of action.

In order to take the claim out of those prohibited by the act and to support her right to recover, counsel for plaintiff cites Bullen v. Neuweiler, 73 D. & C. 207. That was an action of replevin for a diamond ring and a necklace with pendant. The court there, in a thorough and exhaustive treatise, calls attention to article I, sec. 11, of our Constitution which provides (page 211):

" 'All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . .' "

The court then held (page 214):

"Without passing upon the question as to whether

the Act of 1935 might be constitutional as to actions for damages for breach of promise or whether any of the individual sections might in themselves be unconstitutional, we are definitely of the opinion that if the Act should be construed to abolish causes of action to determine title to property, it would be a violation of article I, section 11 of the Constitution previously quoted.

"We therefore hold that the present action is not barred by the Act of 1935."

Clearly that court excludes an action in replevin from the operation of the statute, but the authority of that decision has no bearing on the instant question which is not replevin, but damages.

He also cites Preshner, etc., v. Goodman, 83 D. & C. 387. There when the engagement was broken and defendant in the action forcibly retrieved the diamond ring he had given to pledge his troth, the lady sued for its value. The court held the Act of 1935 did not apply, citing, inter alia, at page 390, Robenson v. Yann, 224 Ky. 56, 5 S. W. 2d 271, as follows:

"'A marriage contract may be supported by the mutual promise of the parties—the promise of one to marry the other. But if the contracting parties choose to pay or promise an additional consideration, they will be bound thereby just the same as in commercial transactions. Such additional consideration might be likened unto purchase money, or, in commercial terms, "earnest" money, to bind the contract and, in such cases if the contract fails or is not carried into effect through the purchaser's fault, he cannot recover the "earnest" money so paid. . . .'"

In other words, a pledge given may not be recovered by one who breached the contract and by necessary inference we may conclude the Kentucky court held that a pledge given by one who did not violate the pact could be recovered.

But again the citation is not apposite. That precise question we are not called upon to decide. The gifts here were not pledges, as we understand the pleading: rather, they were bestowed on defendant simply as an evidence of plaintiff's affection and to gain his favor.

" 'A gift to a person to whom the donor is engaged to be married, made in contemplation of marriage, although absolute in form, is conditional; and upon breach of the marriage engagement by the donee the property may be recovered by the donor. But if the gift is made simply for the purpose of introducing the donor to the donee's acquaintance, and to gain her favor, the property is not recoverable, although marriage does not ensue. So where a Christmas present is made by a man to his fiancee, it becomes her property, and the subsequent breaking of the engagement does not entitle him to recover it back,' ": 28 C. J. 651.

As we poke in the ashes of this ruined romance— and assuming the truth of plaintiff's averments, as we must—certain conclusions flow from the first count of the pleadings: (1) Plaintiff either was engaged or regarded herself as engaged to defendant; (2) as an evidence of her affection and to gain and retain his favor she "gave" him in September 1945 furniture and furnishings for his dental office to a value of $261.88; (3) in December of 1952 defendant married another. The suit followed in which this count claims, as damages, expenses allegedly incurred, not by way of a pledge, not to bind the bargain, not as part of the negotiations, but for gifts incident to the contractual relationship; expenses which were incurred long after the contract had been entered into, according to plaintiff; expenses not for pledges to bind the bargain, as we have said, but in furtherance of it.

". . . A statute which provides that a breach of contract to marry shall not constitute an injury or

wrong recognized by law and that no action, suit or proceeding shall be maintained therefor, abolishes both the right of action for breach of promise and any right of action, whatever its form, that is based upon such breach: Thibault v. Lalumiere, 318 Mass. 72, 60 N. E. (2d) 349; A. B. v. C. D., 36 F. Supp. 85, affirmed 123 F. (2d) 1017. Where there is a gift of money or property, or property in conjunction with the marriage contract, the statute abolishing actions for breach of such a contract bars an action brought to recover such money or property upon breach of the marriage promise: Andie v. Kaplan, 263 App. Div. 884, 32 N. Y. S. (2d) 429, affirmed in 288 N. Y. 685, 43 N. E. (2d) 82; Josephson v. Dry Dock Sav. Inst., 266 App. Div. 992, 45 N. Y. S. (2d) 120, affirmed in 292 N. Y. 666, 56 N. E. (2d) 96; Morris v. Baird, 54 N. Y. S. (2d) 779; Hecht v. Yarnis, 42 N. Y. S. (2d) 596." Friske v. Cebula, 59 D. & C. 46 (at page 50).

We are firmly of the opinion that this first count of plaintiff's claim comes within the prohibition of the law and, as to it, the preliminary objection will be sustained.

The second count, as we view the facts and the law which governs them, is clearly outside the statute and the preliminary objection as applied to that count will be dismissed.

This count sues for the return of a loan of $1,500, which loan is said to have been made at the direct request of defendant. We treat the phase "upon consideration and contemplation of marriage" as narrative and surplusage. The suit then is not an "action for breach of contract to marry." Nor did the contract of marriage "give rise" to the cause of action. The loan if made and not repaid would give rise to the cause of action independently of the marriage contract. The right would exist whether the en-

gagement was broken or not or even if the parties were married. We find no Pennsylvania authority precisely on point but an analogous situation was adjudicated in New Jersey and its reason and conclusion support our view.

There an attorney entered into an express contract of hire with his secretary under which he retained a portion of her weekly wages until the parties would consummate a contract of marriage. The contract to marry was breached, the contract of employment was terminated, and the secretary sued for the wages retained. The court held:

"The right of action which appellant seeks to enforce is one arising from the contract of hire, and is not, in its essence, a cause of action for damages based upon the breach of the claimed marriage contract. The appellant seeks the recovery of accumulated earnings, not damages consequent upon a breach of respondent's alleged undertaking to marry her. The complaint disclosed an enforceable cause of action, and the order dismissing it was therefore erroneous.": Glazer v. Klughaupt, 116 N. J. L. 507, 185 Atl. 8; (158 A. L. R. 623).

It must be borne in mind that for the present purposes we must accept the averments of plaintiff's complaint as verity. In the light of those averments we have a suit for a loan which was not repaid. This is the essence of the claim and if proved the right to recover is established. The suit depends on no other consideration. The fact that the parties had another and collateral agreement is irrelevant and immaterial. That agreement may perhaps serve as historical background but no more and it could very well be dispensed with both in pleading the claim and trying the case.

Wherefore, the preliminary objection to the first count of plaintiff's claim is sustained and the claim

embodied in that count is dismissed; the preliminary objection to the second count is dismissed and defendant is directed to plead on the merits within 20 days from the date hereof.