Oakley, J.
The plaintiffs, on the 23d of March, 1825, remitted to the defendants, merchants, in England, orders for the purchase of a quantity of goods, and informed them that, in their next letter, they would advise them as to the source of payment for the said orders.
On the 8th April, 1825, the plaintiffs wrote the defendants, that they had lodged a credit of ¿£1500 with S. Williams, a banker in Loudon, on account of their preceding orders. On the 16th May, 1825, they wrote the plaintiffs, that they had lodged a further credit with Williams, of ¿£1500, which they might draw for, on account of the orders already given, and directed the defendants to draw their bills at 30 and 60 days. On the 23d of May, 1825, the plaintiffs wrote to the defendants, that they had given directions to Williams, to accept their orders for about ¿£1000, instead of the ¿£3000, and on the 31st May, 1825, they also wrote to the defendants, to make purchases for them to the amount of ¿£1000, and that, that sum was in the hands of Williams, subject to their order, as they had been before advised.
After the receipt of these letters, and on or about the 18th of July, 1825, the defendants made certain purchases of goods for the plaintiffs, and on that day drew a bill, on the said Williams» for the sum of ¿£500, payable at four months, which was accepted by him. Before this bill became due, and on the 24th of October, 1825, Williams became a bankrupt. The agent of the plaintiffs, in England, being ignorant of the orders given by them to the defendants, as to the drawing of bills on Williams, and supposing that the bill in question, had been correctly drawn by the defendants, and the defendants threatening to attach the property of the plaintiffs, hr England, for the amount of the bill, agreed to pay the said bill, and accordingly did pay it to the defendants, after deducting a balance of account due from them to the plaintiffs. This action is brought to recover back the money, thus paid by the agent of the plaintiffs. The declaration is in assumpsit, and contains the common money counts.
The ground of the plaintiffs’ claim is, that the defendants drew the bill in question in violation of the instructions given them, in consequence of which, the funds placed in the hands of Williams, *264 for the purpose of meeting the drafts of the defendants, were lost by his bankruptcy :—that their agent paid the bill in ignorance of the fact, that the defendants had violated the orders given them, and that the defendants thus receiving the money without right, and by mistake of the plaintiffs’ agent, cannot retain it.
It is well settled as a general principle, that where a man pays money without any legal obligation to do so, under a mistake of fact, and without the means of ascertaining the truth, or if he be induced to pay it under false representations, he may recover it back. (Garland v. The Salem Bank, 9 Mass. R. 389. Martin v. Morgan, 1 Brod. & Bing. 289.)
In the case of Martin v. Morgan, the action was for money had and received. The defendants obtained a check from the firm of B-& Co. on the plaintiffs, which was post dated. Having ascertained that B-& Co. were insolvent, the defendant presented the check to the plaintiff. The plaintiff paid it, having no funds of the drawer, but expecting to receive them in the course of the day. The plaintiff was ignorant of the insolvency of the drawer, and of the fact that the check had been post dated. The court held that the plaintiff had a right to recover the money thus paid, on the ground that the parties did not deal on equal terms, and that the defendants concealed the circumstances, which, if disclosed, would have prevented the plaintiff from paying the money, and that the plaintiff had thus paid it, without legal obligation, and in ignorance of the true state of facts, which were known to the other party.
The principle of that case, seems to me to apply fully to the one now before us. The defendants here, accepting and actingunder the order for the goods, and receiving special directions as to the mode of payment for the same, were bound to adhere strictly to their instructions. Instead of drawing on the fund provided by the plaintiffs, at 30 or 60 days, as directed, they thought proper to give a larger credit to Williams, by drawing at 4 months. In consequence of this departure from their instructions, the fund in the hands of Williams was lost. Under these circumstances, the plaintiffs were not bound to take up the bill drawn by the defendants, or to indemnify them for having drawn it. It was drawn *265 on their own responsibility, and at their own risk. Having taken up the bill, and knowing they had drawn it without authority, they induced the agent of the plaintiffs to pay it, by concealing from him the fact, that it had been drawn contrary to their orders, and by threatening to attach their property. It is, therefore, clearly a case in which the parties did not deal on equal terms. The agent of the plaintiffs was kept in ignorance of a fact, which, if he had known it, (as he expressly testifies,) would have prevented his paying the bill. The defendants having obtained the money under such circumstances, and from a party under no legal obligation to pay it. have no right to retain it. The agent, in making payment of the bill, acted without the knowledge, or instructions of the plaintiffs, and the plaintiffs, themselves, were ignorant of the fact, that the bill had been drawn contrary to their orders, until after it was paid. If the payment had been made, under the circumstances, by the plaintiffs themselves, their right to recover the money would have been equally clear; and there must be judgment for the plaintiffs.

Judgment for the plaintiffs.

[David P. Hall, Att’y for the plffs. W. Slosson, Att'y for the defts.]