Billings v. McCoy Brothers.

JAMES BILLINGS, PLAINTIFF IN ERROR, v. McCOY BROTHERS, DEFENDANTS IN ERROR.

1. **Payment.** A voluntary payment made under a mistake as to facts may be recovered back; and it is not necessary to authorize a recovery in such a case that the mistake should have been caused by the wrongful act of the defendant.

2. **Practice**: CONTINUANCE. An application for a continuance is addressed to the sound discretion of the court, and its action will not be reversed, unless there has been such an abuse of discretion as has operated to the prejudice of the party in the final determination of the case.

3. ———: INSTRUCTIONS should be given with direct reference to the testimony in each particular case, and the attention of the jury directed to the questions at issue.

4. ———: ———. Where instructions are asked by either party before the jury retire, which are unobjectionable, pertinent to the issue, and necessary for the jury to consider in making up their verdict, they should be given by the court, notwithstanding a rule requiring *all* instructions to be submitted before the commencement of the argument.

ERROR from the district court of Richardson county. Tried below before WEAVER, J.

Billings was defendant in the court below, and judgment being rendered against him, he brought the cause here by petition in error.   The opinion states the case.

*Isham Reavis* and *J. H. Broady*, for plaintiff in error.

*Schoenheit & Towle*, for defendants in error.

MAXWELL, J.

The defendants in error filed their petition in the district court of Richardson county, alleging, that, "about the first day of March, 1873, the plaintiffs, as said firm, contracted with, and purchased of the defendant, James Billings, twenty-five head of native, and one hundred and fifty-seven head of Texas cattle; for which the said plaintiffs were to pay said defendant four and one-half cents per pound for the native, and four cents per pound for the actual gross weight of said Texas cattle. That, by agreement of said plaintiffs and defendant, John Holt of the town of Salem, in said state, as a disinterested party was chosen to weigh said cattle upon the scales of said defendant, and keep an account of the actual gross weight of said cattle.   That, pursuant to said agreement, said John Holt did weigh seventeen head of said native cattle, which, as said Holt in a mistake supposed, and as

he in a mistake kept account, weighed on said scales twenty-three thousand five hundred and thirty pounds; and, then and there said Holt also weighed the said one hundred and fifty-seven head of Texas cattle; and, as said Holt then in a mistake supposed, and in a mistake he kept account, said one hundred and fifty-seven head of Texas cattle weighed one hundred and ninety-four thousand four hundred and five pounds; when, in truth and in fact, said native cattle only actually weighed twenty-two thousand and thirty pounds, and said Texas cattle only one hundred and eighty thousand seven hundred and seventy pounds; * * * * that plaintiff paid said defendant for twenty-three thousand five hundred and thirty pounds of said native cattle four and one-half cents per pound, and also paid for one hundred and ninety-four thousand four hundred and five pounds of said Texas cattle four cents per pound, amounting in all to the sum of $ ——. That, after the weighing of said cattle, and the payment thereof, as aforesaid, by said plaintiffs to said defendant, the plaintiffs ascertained that they had paid to the defendant, in a mistake, for fifteen thousand pounds of weight of cattle, which they never received, amounting in all to the sum of $603.75; and for which they had received no consideration whatever," etc. Wherefore plaintiffs pray judgment, etc. The defendant answered, denying the facts stated in the petition, except as to the purchase and payment of the cattle.

On the trial of the cause, in March, 1876, the court, at plaintiffs' request, instructed the jury as follows: "If you believe from the evidence, that there was a mistake in the weighing of the cattle, and that the weight was stated at more than it actually was, and that the plaintiffs paid to defendant more than was actually due to him for the cattle sold, then the jury must find for the plaintiffs, and assess their damages at the sum so overpaid, with interest at the rate of ten per cent per annum,

from the time the same was so paid." The defendant asked the court to instruct the jury as follows: "Before they can find for the plaintiffs, they must be satisfied from the evidence, that the cattle did not weigh the amount paid for by plaintiffs, and that the discrepancy in the weight was caused by the wrongful act of the defendant," which the court refused to give; but instructed the jury, "that before they can find for the plaintiffs, they must be satisfied from the evidence, that the cattle did not weigh the amount paid for by the plaintiffs."

The rule is well settled, that money paid by one party to another, in mutual ignorance of facts which, if known, would have prevented the payment, may be recovered back. *Waite v. Leggett,* 8 Cowen, 195. *Burr v. Veeder,* 3 Wend., 412. *Franklin Bank v. Raymond,* 3 Wend., 69. *Potter v. Russell,* 2 Hall, 252. A voluntary payment (such as money paid on an incorrect computation of interest), made under a mistake as to *facts,* may be recovered back in an action for money had and received. *Boyer v. Pack,* 2 Denio, 107. *Mowatt v. Wright,* 1 Wend., 355. It is not necessary, to authorize a recovery in a case like this, that the mistake should have been caused by the wrongful act of the defendant. If the plaintiffs, under a misapprehension as to the facts in regard to the actual weight of the cattle, paid the defendant a greater sum than was due him, they are entitled to recover in this action. The court, therefore, did not err in refusing to instruct the jury as requested by the defendant.

It is objected, that the court erred in refusing to grant a continuance, on account of the inability of one of the attorneys for the defendant to attend court. An application for a continuance is addressed to the sound discretion of the court; and its action will not be reversed, unless there has been such an abuse of dis-

cretion as has operated to the prejudice of the party, in the final determination of the case. From the bill of exceptions, we are unable to say that there has been an abuse of discretion in this case; if, indeed, the absence of an attorney, unless under peculiar circumstances, which do not arise in this case, would be sufficient grounds on which to base an application for a continuance·

After the conclusion of the argument of counsel, the attorneys for the defendant presented certain instructions to the court, and requested that they be given to the jury; which the court refused to give, "because not offered before the argument." It is claimed, the rules of court require counsel to ask for instructions, if any, before the commencement of the argument. Section 283 of the code of civil procedure provides: " When the evidence is con-cluded, either party may request instructions to the jury on points of law, which shall be given or refused by the court;  *  *  *  *  the parties may then sub-mit or argue the case to the jury. In the argument, the party required first to produce his evidence shall have the opening and conclusion. If several defendants hav-ing separate defenses, appear by different counsel, the court shall arrange their relative order. The court may again charge the jury after the argument is concluded." Instructions should be given with direct reference to the testimony in each particular case, and the attention of the jury directed to the questions at issue; but, in the hurry of a trial, the most careful lawyer may overlook some question on which it is proper the jury should be instructed. If, under such circumstances, an instruction is submitted to the court at any time before the jury retire, which is otherwise unobjectionable, and is perti-nent to the case, and necessary for the jury to consider in making up their verdict, it will be error for the court to refuse to give such instruction. The object of the law is to administer justice. And rules of court for

conducting trials should not be so construed as to prevent a fair submission of a case to the jury. But in this case, none of the instructions asked were pertinent to the issue, except the second; and the court had already given that in substance.

We see no error in the record of which the plaintiff in error can complain. The judgment is clearly right, and must be affirmed.

JUDGMENT AFFIRMED.