Ingalls v. Nobles.

ROSWELL A. INGALLS, PLAINTIFF IN ERROR, v. LYMAN T. NOBLE, DEFENDANT IN ERROR.

1. **Continuance.** Ordinarily the decision of motions to continue causes is left to the discretion of the particular court to which they are addressed. It is only where such discretion has evidently been exercised unwisely or abused, to the prejudice of a party, that a reviewing court will interfere.

2. ———: AFFIDAVIT FOR. The statement of facts in an affidavit for a continuance should be specific of acts done, or of excuses for not doing them, and given with such particularity that an indictment for perjury would lie in case of its being false.

ERROR to the district court for Hamilton county. Tried below before POST, J.

*A. J. Rittenhouse,* for plaintiff in error.

*J. H. Smith,* for defendant in error.

LAKE, CH. J.

But two errors are complained of: *first,* that the motion for a continuance was improperly denied; and, *second,* that the verdict was not supported by the evidence.

Ordinarily the decision of motions of this sort is left to the discretion of the particular court to which they are

addressed. It is only where such discretion has evidently been exercised unwisely or abused, to the prejudice of a party, that a reviewing court will interfere. *Billings v. McCoy Brothers*, 5 Neb., 187. *Johnson v. Dinsmore*, 11 Id., 391. In this case we not only see no abuse of discretion but the motion was decided rightly.

The action was commenced in June, 1881. The answer was filed on the 14th of July, by which issue was joined. The motion for a continuance was not made until December 20th, just as the case was called for trial. The continuance was sought to obtain the testimony of Samuel Tull, who had but recently been a partner of the plaintiff in error. The substance of the affidavit in support of the motion is, that when the action, which was an ordinary one for the price of labor, was commenced, Tull resided in Kansas, but before issue was joined had removed to some place in Colorado, unknown to the affiant. In regard to the efforts put forth to ascertain Tull's whereabouts and get his testimony, all that is shown is this, that "affiant has made diligent inquiry to ascertain the place to which he has removed, by asking persons who were supposed to know, and by writing to witness at points where it was supposed he had gone." As evidence of diligence, this statement of what had been done to obtain the desired testimony is sadly deficient. He says he "made diligent inquiry," but when and of whom did he inquire? He "wrote to witness at points where it was supposed he had gone." To what "points" or places did he address his letters? Who "supposed he had gone" there? And were the letters returned to him? The question of diligence is for the court to determine from the sworn statement of what has been done. And this statement should be specific of acts done, or of excuses for not doing them, and given with such particularity that an indictment for perjury would lie in case of its being false.

This affiant says he "made diligent inquiry." That,

however, is merely his own opinion of what he did, with no fact given to support it. If just what he bases this opinion upon were given, possibly the court might differ with him. The court could not act upon his belief of the effect of what he did. The motion was properly overruled.

Of the verdict there is but a word to say. In the evidence there was but little conflict. It not only strongly supports the finding of the jury, but impresses us with the conviction that we should have found substantially as the jury did if it had been submitted to us to pass upon.

JUDGMENT AFFIRMED.