# WHEELING.

## TULLY v. DESPARD.

Submitted June 18, 1888.—Decided June 27, 1888.

1. REVERSAL OF JUDGMENT—JUSTICE OF THE PEACE.

   In a case taken by appeal from the judgment of a justice to the Circuit Court, where it was tried by a jury, this Court will not reverse the judgment simply because the jury were sworn to "try the issue" between the parties, where the record fails to show that any plea had been filed or issue made in the case, in the absence of anything to show that the plaintiff in error was prejudiced by such irregularity, if it was such.

2. REVERSAL OF JUDGMENT—INSTRUCTIONS.

   It is the legal right of counsel on the trial to submit instructions to the jury, and have them passed upon by the court; but where instructions are submitted by counsel after the jury had been directed to retire, and the court refuses to consider them because offered too late, this Court will not reverse the judgment of the trial-court, unless it affirmatively appears that the said court manifestly abused the large discretion vested in it in respect to its action in the matter.

*Van Winkle & Ambler* for plaintiff in error.

*J. A. Hutchinson* and *V. B. Archer* for defendant in error.

SNYDER, JUDGE:

This is a civil action commenced by M. Tully against C. S. Despard & Co. before a justice of Wood county to recover $147.14 for work and labor performed by the plaintiff for the defendants. The justice gave the plaintiff judgment for his claim, and the defendants appealed to the Circuit Court of that county, where the case was tried by a jury of six, and a verdict found for the plaintiff for $135.50, on which the court entered judgment. From this latter judgment the defendants have obtained this writ of error. The record shows that the jury was sworn "to try the issue" between the plaintiff and the defendants, and because the record does not show that any plea was filed by the defendants, or

formal issue joined between the parties, the plaintiffs in error claim that this was a fatal error.

It must be remembered that this action was commenced in a justice's court, and that in such cases the pleadings need not be in writing. Not only so, but the statute expressly declares that in such case " the appeal may be tried upon the pleadings made up in the justice's court," etc., and that " all lawful evidence produced in relation to the matter in difference between the parties shall be heard, whether such evidence was produced before the justice or not; and the case shall be determined, without reference to the judgment of the justice, on the principles of law and equity." Section 169, ch. 50, Code 1887. The statute does not prescribe the form of the oath of the jury in appeal cases, but the whole tenor of the statute plainly indicates that technicalities are not to be regarded in such cases; that all the proceedings may be informal, yet, if substantial justice has been done, and the parties have had a fair opportunity to present their claims, the judgment should be upheld. *Todd* v. *Gates*, 20 W. Va. 364. There is nothing in this case to show that the defendants were in any sense injured or prejudiced by the fact that the jury was sworn " to try the issue," even if it were conceded that this was an irregularity,—a thing by no means certain,—and therefore this was no ground for setting aside the verdict or reversing the judgment. *Hallam* v. *Jacks*, 11 Ohio St. 692; *Sinnamon* v. *Melbourn*, 4 G. Greene, 309.

The only other error alleged by the plaintiffs in error is that the court improperly refused to consider or give certain instructions which they requested. The facts certified on which this alleged error is based, are as follows : The argument of counsel to the jury on both sides was closed about 4:30 P. M. of the day ; and neither party, before or at the time, requested any instructions to the jury. The case was then submitted to the jury, and the papers handed to them, with directions to retire to consider of their verdict ; as some of the jury wished to be adjourned for the day, the court adjourned the jury until the next day. On the next morning, after the jury had been called, and were about to be sent to their room, but before they retired to consider of their verdict, the counsel for the defendants moved the court to give

to the jury nine written instructions, which had been prepared by said counsel; and this was the first intimation that any instructions would be requested. To the giving of said instructions the plaintiff's counsel objected, " and thereupon the court refused to consider said instructions, or any of them, and refused to give any of them to the jury, for the reason that the case had been submitted to the jury by counsel for the defendants as well as the plaintiff, without any instructions being asked for, and that they now came too late." The material question here presented is not whether or not the instructions asked were properly refused, but whether or not the court under the circumstances, erred in declining to consider them.

It is true that this Court would not reverse the judgment of the Circuit Court, even if it erroneously declined to consider the instructions, unless they were such as should have been given to the jury; but, if the court properly refused to consider them, then the judgment must be affirmed, although they are such as should have been given to the jury if offered at a proper time. In this latter view, the propriety or impropriety of the instructions is wholly immaterial. The orderly proceedings of a court upon a trial, of necessity, rest very much in the discretion of the presiding judge; and unless it is made to appear that this discretion has been abused, it is not within the province of the appellate court to interfere with its exercise. However, it is the right of counsel to have the jury instructed as to the law; and when, at a proper time and in a legal manner, instructions are requested, it is the duty of the court to consider, and either give or refuse to give them, accordingly as it may regard them as proper or improper in the case. And this being a valuable right to litigants, if the court, in a proper case, declines to consider, and consequently withholds from the jury, an instruction which is proper in itself, and this is made manifest by the record, the judgment of the trial court will, for this reason alone, be reversed. *Chapman* v. *McCormick*, 86 N.Y. 479; *Billings* v. *McCoy*, 5 Neb. 187.

In the case at bar it is not made manifest by the record that the trial court abused its discretion. It is the duty of counsel to facilitate, as far as possible, without prejudicing

the rights of their clients, the business of the court. They should be prepared to present their case and make legal requests at the proper time, and in such manner as to consume the least time of the court. It is not only provoking, but often unnecessarily delays the business of the court, for counsel, after they have either purposely or negligently omitted to avail themselves of ample time and proper opportunities, at the last moment to urge upon the court the consideration of matters which ought to have been attended to long before. The necessities of the trial court, and the conduct of counsel and litigants before it, are best known to it, and can be but imperfectly presented to an appellate court. If, after a case has been submitted to the jury, the counsel for one side have the right to present and have considered a long series of instructions, the other side will have a greater right to present and have considered counter-instructions. The consideration of these must necessarily take up the time of the court, which would otherwise be used in the dispatch of other business more or less pressing and demanding attention. In the case before us the jury had been adjourned at an early hour of the preceding day, after the case had been submitted to it, and without any intimation that instructions would be requested by either party. If counsel had then suggested or asked to have the jury instructed, it would have been done on that day, without in any manner interfering with the business of the succeeding day, which, from all we can tell from the record, may have been important and urgent. For aught that we can say, these instructions may have been requested on the last day of the court, and their consideration at that late time might have required the postponement of other important business to the next term. It is not to be presumed by this Court, in the absence of any facts conclusively showing it, that the trial court has capriciously or without a sufficient reason refused to consider these instructions. On the contrary, we must presume that it acted upon sufficient grounds until the record is made to show conclusively that it acted unreasonably and without sufficient cause. The court stated the instructions were offered too late.. So far as we can see from the attending facts, this statement is unim-

peached.   All the facts certified seem to corroborate it, and there are certainly no facts which can be regarded as conclusively contradicting it.   See *Organ Co.* v. *House*, 25 W. Va. 64, 98, and cases cited.   The record fails to show affirmatively that the court abused the large discretion necessarily vested in it by refusing to consider the instructions at the time they were offered in the case.   I am therefore of opinion that the judgment of the Circuit Court should be affirmed.

AFFIRMED.