AUTOMATIC MACHINE & ENGINEERING CO. v. WALTER MACHINE & SCREW CO.

1. SALES—LAW IMPLIES PERFORMANCE WITHIN REASONABLE TIME.
Where title to certain machines passed to purchaser when delivery was made, and, although price was agreed upon, time within which payment was to be made was left indefinite, law will imply that performance was intended within reasonable time.

2. SAME—REASONABLE TIME.
In absence of proof to contrary, two and one-half years is *held* reasonable time within which payment should be made for machines sold, where time of payment was left indefinite.

Appeal from Wayne; Toms (Robert M.), J. Submitted June 8, 1933. (Docket No. 62, Calendar No. 37,260.) Decided October 2, 1933.

Assumpsit by Automatic Machine & Engineering Company, a Michigan corporation, against Walter Machine & Screw Company, a Michigan corporation, for balance of account. Judgment for defendant.

Plaintiff appeals.  Reversed, and judgment ordered entered for plaintiff.

*William J. Palmer*, for plaintiff.

*H. R. Martin*, for defendant.

Sharpe, J.  The plaintiff, in April, 1930, was "a selling corporation," with its place of business and warehouse on Kirby avenue in the city of Detroit. Defendant is a manufacturing concern, located on Bellevue avenue in that city.  On April 17th of that year, the defendant gave plaintiff a written order for a "3 ¼ Model A—5 Hole Cleveland Automatic" at a price of $1,800, on which a "4-Spindle Grindley" was to be traded in for $300 as a down payment, "balance of amount to be determined later."

On April 23d following, defendant gave plaintiff another written order for two other somewhat similar machines at the same price, on which two other machines were taken in part payment at $300 each, "terms to be determined later."  The defendant made certain payments thereon, amounting to $1,450, the last one on June 26, 1931, leaving a balance of $3,050, to recover which this action was brought on November 30, 1932.

The facts are not in dispute.  It seems to be clearly established that these machines were sold on an understanding between Herbert C. Roushkolb, plaintiff's president, and Alfred H. McCracken, defendant's vice-president and general manager, that the balance due thereon should be paid by the defendant out of the profits made by it in the use of the machines in its manufacturing business.  Mr. McCracken made report of the offer of plaintiff to sell

to the board of directors of his company, and it authorized the purchase on the above terms. Delivery was made and accepted, and the machines taken by plaintiff in part payment turned over to it.

The trial court found that the proofs did not disclose that any moneys were due plaintiff under the sales contracts; that the terms of payment were not "determined later," and the contracts unenforceable for that reason, and entered a judgment for the defendant, from which the plaintiff has appealed.

There was here a sale and delivery by plaintiff to defendant of three machines at a price agreed upon. Three machines were accepted in part payment at $300 each. It appears that defendant made repairs on the machines at a cost to it of about $500. It also appears that it has sold goods manufactured by these machines amounting to more than $11,000. It does not appear that any part of this sum was set apart as "profits" due plaintiff on the contracts, although it made certain payments thereon. It also clearly appears from the testimony of Mr. McCracken that no percentage of profits to be applied on the payments was mentioned at the time the sales were made.

Had there been an agreement in this respect, and had defendant credited, and thereafter paid to plaintiff, the amounts thereof when received by it, a different question would be presented. But on the record before us the plaintiff has parted with the title to its property, and under the contracts of sale as construed by the court has no lawful means of securing payment therefor.

The title to these machines passed to the defendant when delivery was made to it. It afterwards

made substantial repairs thereon. The price was agreed upon. The time within which payment was to be made was left indefinite. The defendant did not credit plaintiff with any specific percentage of its profits on the goods manufactured by the machines, nor did it make proof as to what would be a reasonable percentage thereof to apply on its indebtedness. It thereby created a condition rendering it both uncertain and indefinite as to the time at which plaintiff should receive any payment and the amount thereof.

Under these circumstances the law will imply that performance was intended within a reasonable time. *McArthur* v. *City of Cheboygan*, 156 Mich. 152; *Martin* v. *DeYoung*, 232 Mich. 112; 13 C. J. p. 683. Two and one-half years elapsed between the time of the sales and the time when this action was brought. In the absence of proof to the contrary, and in our opinion the record discloses none, this must be considered a reasonable time.

The judgment is reversed and set aside, with costs to plaintiff, and the cause remanded with direction to the trial court to enter a judgment for plaintiff for the amount unpaid, $3,050, and interest from the date of the commencement of suit.

MCDONALD, C. J., and POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.