IRMA BAKER *v.* W. F. GASKINS *et al.*

(No. 9391)

Submitted January 19, 1943. Decided February 9, 1943.

*L. W. Chapman,* for plaintiff in error.
*P. Douglass Farr,* for defendant in error W. F. Gaskins.

ROSE, JUDGE:

This case was before us once before when we discharged the writ by which it was brought up as improvidently awarded by reason of the fact that no judgment had been entered on the verdict. *Baker* v. *Gaskins,* 124 W. Va. 69, 19 S. E. 2d 92. Since that action here, a single order has been added to the record as it then stood, which is as follows:

> "On this the *7th* day of April, 1942, came the plaintiff by L. W. Chapman, her counsel, and came also the defendant W. F. Gaskins by P. Douglass Farr, his counsel; whereupon the court doth proceed to render judgment upon the verdict of the jury in this action, and it is therefore considered and ordered by the Court that the plaintiff take nothing by her said suit, without prejudice to the plaintiff to institute a suit in chancery.

> "And it appearing to the Court that the above order was inadvertently omitted to be entered on the 8th day of April, 1941, at the regular April Term, 1941, as appears from the records a memoranda of this Court, it is ordered that the same be entered now as of that day; to which action the Court in so entering this order the plaintiff by her counsel objects and excepts.
>
> "Thereupon the plaintiff by counsel moved the court to set aside the verdict and grant the plaintiff a new trial, which motion is by the court overruled, to which action the plaintiff excepted."

The defendant in error now asks that this writ also be discharged, for the reason that this order was entered *nunc pro tunc* as of the date of the verdict, April 8, 1941, whereas, the petition for the present writ of error was filed July 20, 1942. We cannot accept this view of the case. In the first place, the beginning paragraph of the order distinctly states that "On this the 7th day of April, 1942, * * * the Court doth proceed to render judgment upon the verdict of the jury in this action", thus showing by the order itself that the judgment could not have been rendered on April 8, 1941. The second paragraph of the order, therefore, must be disregarded, but if it were perfect in itself and uncontradicted in the record, it would still be futile. An order may not be entered *nunc pro tunc* if the rights of any party will thereby be affected adversely. *United States* v. *Gomez,* 1 Wall. 690, 17 L. Ed. 677; *Fiehe* v. *R. E. Householder Co.,* 98 Fla. 627, 125 So. 2; *Dawson* v. *Scriven,* 1 Hill's (S. C.) Eq. 177. We decline to give a retrospective effect to this judgment order which would result in cutting off the plaintiff's time for applying for a writ of error.

The defendant in error also insists that the case cannot be reviewed because (1) the motions to set aside the verdict and for a new trial appear therein to have been made after the entering of judgment; and (2) no grounds in support of the motions are assigned.

A rule of practice in this State, universally accepted, does require that such a motion, in fairness to the court

and opposing counsel, should state the ground upon which it is based. But this rule originates in, and belongs strictly to, actions brought in the circuit court where common law rules of procedure prevail. The procedure in an action before a justice is statutory, and by the statute itself is required to be liberal. Code, 50-4-6. No statute expressly forbids a justice to entertain a motion for a new trial after judgment is entered. On the contrary, Code, 50-13-4, expressly provides that a justice may set aside a judgment rendered by him by default within fourteen days thereafter, and Code, 50-7-19, authorizes him to set aside the verdict of a jury within twenty-four hours after its return without expressly limiting this power to cases in which no judgment or verdict has been entered. And the Code further provides that the statutory rules prescribed for the trial of an action before a justice shall be followed on the trial of such an action upon appeal. Code, 50-15-14. Great liberality or laxity, even to the extent of a failure to observe statutory directions as to procedure, has been excused by this Court. *Stallard* v. *Stepp,* 91 W. Va. 60, 112 S. E. 184; *Tully* v. *Despard,* 31 W. Va. 370, 6 S. E. 927. The record of the motions in question appear in the order as having come after the court had pronounced judgment. Yet they were not objected to by opposing counsel, nor rejected by the court as having been made out of season, but were entertained, considered and passed upon by the court as if in every respect regular. It is highly probable that all things done by the court, as embodied in the final order, were before him and considered together at one time, or, at least, before any part of this order was entered, or even drafted, and at a time when all these matters were properly in the breast of the court. At any rate, we do not feel justified in applying in this case, a strict common law rule of procedure, and thereby to deny the plaintiff a right to be heard here on the sole ground that her motion for a new trial came too late.

The fact that the motion did not specify the grounds upon which it was based is not fatal. The basis of the motion was perfectly obvious: the act of the court in

directing a verdict against the plaintiff. No other adverse ruling by the court appears in the record. In the case of *Hinton Milling Co. v. New River Milling Co.*, 78 W. Va. 314, 88 S. E. 1079, we held that: "A motion to set aside the verdict of the jury and grant a new trial which does not state the grounds upon which it is based, is not so defective as to deprive the person making the motion of the right to avail himself of such errors as he could have had the benefit of had they been stated in the motion, provided the errors complained of appear on the face of the record or are shown by special bills of exceptions, or by bill of exceptions certifying all the evidence and the rulings of the court in relation to the introduction or rejection of evidence on the trial, and that these errors are pointed out in the appellate court." We consider this case sufficient authority for holding that the present motion was not defective for failure to assign grounds upon which it was based.

We thus arrive at the merits of the case. There is no material factual dispute. In the spring of 1925, Charles E. Baker, who is the plaintiff's husband, E. A. Baker, who is the brother of Charles, and W. F. Gaskins, who is a cousin of the Bakers, became the owners of a "lunch wagon" operated in West Union, Doddridge County. This wagon was in fact a discarded trolley car remodeled. This enterprise was conducted by the owners until the latter part of June or first of July of the same year, when the property was leased to a third party. The lunch wagon was sold in 1938 for $60.00, one-third of the price going to each of the three owners. During the period of the operation of the lunch wagon, the plaintiff worked for the owners in the business, but was not paid for her services. In October, 1926, however, they executed to her a paper writing as follows:

"Oct. 8, 1926.

This is to certify that we three (undersigned) promise to pay to Mrs. Irma Baker for working in Busy Bee Lunch Eleven weeks at $12.00 per

week or ($132.00) with interest from date. To be settled in full when complete settlement of Lunch Wagon is made, signed:

> W. F. Gaskins
> E. A. Baker
> Chas. E. Baker."

Nothing having been paid on this obligation at the time of the sale of the lunch wagon, the plaintiff immediately thereafter made demand on the signers of this instrument. This effort availing nothing, an action was brought by her before a justice of the peace of Doddridge County on November 12, 1940. She and her husband then lived in Ohio, and the husband was not served with process, and did not enter an appearance. The justice rendered judgment for the defendants, and the plaintiff appealed the case to the circuit court. On the trial in that court, after both the plaintiff and the defendants had introduced their evidence in full, upon motion of the defendants, the court directed the jury to return a verdict in their favor, which was done accordingly.

The evidence discloses no attempt to justify such refusal of payment, except, apparently, the contention that there has not been a "complete settlement of the Lunch Wagon" as required by the terms of the writing sued on. The evidence is to the effect that the ownership of the lunch wagon and business was equal, but that the parties did not contribute equally in its purchase or to the expenses of its operation. No accounts of the partnership were ever kept, and only the most casual memoranda by individual partners are mentioned. It appears very doubtful from the evidence if an even approximately correct account can now be ascertained. The business of the partnership was very small, and the contributions by the operators were but little. No property was owned by the partnership, except the lunch wagon with some dishes, stools, a coffee urn and like equipment. All have disappeared and are unaccounted for except two stools and a coffee urn of trifling value. No outstanding accounts receivable or payable are shown. The evidence discloses no effort at settle-

ment until after demand of payment by the plaintiff. These attempts were desultory and abortive, and no present intention of further effort is disclosed.

We think that a jury might well have considered that for all practical purposes, the lunch wagon business was sufficiently settled to entitle the plaintiff to demand payment from that consideration alone. Therefore, the case should not have been taken from the jury. But more important than this is the principle of law that where a payment is to be made or a contract is to be otherwise performed at a future date when the persons bound or obligated shall have done some thing which lay in their power, the payment or other performance will be considered as required to be done on demand within a reasonable time. "Where a contract fixes no definite time for performance the law usually implies that performance shall be within a reasonable time, and the rule applies to the performance of a condition precedent, or of an act dependent on the will of the promissor." 17 C. J., Contracts, sec. 503, p. 1063. See also, *Glazer* v. *Klughaupt,* 116 N. J. L. 507, 185 A. 8; *Nunez* v. *Dautel,* 19 U. S. (Wall.) 560, 22 L. Ed. 161; *Automatic Machine & Engineering Co.* v. *Walter Machine & Screw Co.,* 264 Mich. 453, 250 N. W. 287; *Daily* v. *Quinn,* 208 Ala. 398, 94 So. 523; *Greenstreet* v. *Cheatum,* 99 Kan. 290, 161 P. 596; *Scull* v. *Roane,* 21 Fed. Cas. No. 12, 570c, page 894; *Benton* v. *Benton,* 78 Kan. 366, 97 P. 378, 27 L. R. A. (N. S.) 300, 130 Am. St. Rep. 376; *Page* v. *Cook,* 164 Mass. 116, 41 N. E. 115, 28 L. R. A. 759, 49 Am. St. Rep. 449; *Hicks* v. *Shouse,* 56 Ky. (Monroe) 483, 17 B. Mon. 483. We think it can hardly be disputed that the period from October 8, 1926, the date of the note, to the institution of the suit, November 12, 1940, was at least a reasonable time, and the plaintiff did make proper demand before bringing her action. On the evidence now in this record, no legal defense to the plaintiff's claim is shown, and the court not only should not have directed a verdict against her, but, on the contrary, should have stricken out the defendant's evidence and directed a verdict in her favor.

Accordingly, the judgment of the circuit court will be reversed, the verdict of the jury set aside and the plaintiff awarded a new trial.

*Judgment reversed; verdict set aside; new trial awarded.*