447 S.E.2d 558

The FIRST NATIONAL BANK OF BLUE-FIELD, a National Banking Association, Plaintiff Below, Appellant,

v.

Andrew L. CLARK and William J. Sheppard, Defendant Below, Appellee.

No. 22083.

Supreme Court of Appeals of West Virginia.

Submitted May 11, 1994.

Decided July 18, 1994.

**624**

Robert B. King, Stephen B. Farmer, King, Allen & Arnold, Charleston, for appellant.

Carl L. Fletcher, Jr., Neva G. Lusk, Spilman, Thomas & Battle, Charleston, for appellee.

PER CURIAM:

This is an appeal by The First National Bank of Bluefield, a national banking association, from an order of the Circuit Court of Mercer County, West Virginia, ignoring a jury verdict awarding the bank prejudgment interest in a contract action and granting the appellees a judgment notwithstanding the verdict on the prejudgment interest question. On appeal, the bank claims that the circuit court erred in granting the judgment notwithstanding the verdict. After reviewing the facts and the questions presented, this Court agrees. Accordingly, the judgment notwithstanding the verdict of the Circuit Court of Mercer County is reversed.

In 1981, the appellees in the proceeding, Andrew L. Clark and William J. Sheppard, requested that the Mercer County Commission provide them with assistance in financing a townhouse project which they desired to build in Princeton, Mercer County, West Virginia. The commission, on December 22, 1981, decided to grant the request and authorized the issuance of a $1,000,000.00 industrial development revenue bond to assist with the construction of the townhouse project.

After the Mercer County Commission authorized the issuance of the industrial revenue bond, Andrew L. Clark contacted the appellant, The First National Bank of Bluefield, to determine whether the bank was interested in purchasing the industrial development revenue bond. In subsequent discussions, the bank expressed an interest in purchasing the bond, contingent upon certain conditions and providing that the size of the project was increased from twenty to twenty-five townhouses. Among other conditions, the bank required Mr. Clark and Mr. Sheppard, or other outside parties, to inject $625,000.00 in capital into the project.

During the discussions, it appears that Andrew L. Clark and William J. Sheppard proposed to raise the $625,000.00 which the bank required be injected into the project by selling twenty-five limited partnership shares for $25,000.00 each. They also agreed to purchase any limited partnership shares which they could not sell. In a subsequent letter dated August 31, 1983, to assure the bank that the $625,000.00 would be injected into the project, Mr. Clark and Mr. Sheppard, acting as general partners of the partnership, formally entered into a commitment to purchase all limited partnership shares not sold.

The bank subsequently did purchase the $1,000,000.00 revenue bond, and the appellees, Andrew L. Clark and William J. Sheppard, undertook to construct the townhouse project as a limited partnership operation.

Following the bank's purchase of the revenue bond, Mr. Clark and Mr. Sheppard failed to sell nineteen of the twenty-five limited partnership shares, and, contrary to their assurances to the bank, they failed to purchase the unsold shares. Then, due to inadequate capitalization, they were unable to complete the project. As a result, the project became delinquent in the payment of the note securing the $1,000,000.00 revenue bond, and on April 7, 1986, the bank, as holder of the revenue bond, foreclosed on the project.

Following the foreclosure, the bank sued Mr. Clark and Mr. Sheppard for $625,000.00 or, in the alternative, for specific performance of their agreement to purchase the limited partnership shares and to apply the

proceeds resulting for such purchase toward the payment of the project note and bond. The complaint specifically alleged that:

> Plaintiff says that defendants have not complied with their agreement to purchase all limited partnership shares or units not sold in Townhouses at a price of $25,000.00 per unit; that although being requested to do so by plaintiff, defendants have refused to purchase such shares and that there are now twenty-five (25) shares of Townhouses which have not been sold and which defendants are obligated to purchase.

After the filing of a number of documents in the action, the bank moved for summary judgment, and, on January 7, 1987, the circuit court granted the motion. In its memorandum opinion, the circuit court concluded that, as a matter of law, Mr. Clark and Mr. Sheppard had personally obligated themselves to purchase $625,000.00 in limited partnership shares, if not otherwise sold, and to inject the proceeds into the project. The court also, in effect, found that six limited partnership units had been sold and that, contrary to their agreement, Mr. Clark and Mr. Sheppard had failed to purchase the remaining $475,000.00 in shares.

Mr. Clark and Mr. Sheppard appealed the circuit court's decision to this Court, and, on April 21, 1989, this Court, in *First National Bank of Bluefield v. Clark & Sheppard*, 181 W.Va. 494, 383 S.E.2d 298 (1989), reversed the circuit court's decision to grant summary judgment and ruled that the case should be remanded for trial before a jury so that the jury could determine whether Mr. Clark and Mr. Sheppard's undertaking to purchase the unsold limited partnership shares had been undertaken in their personal capacities.

The case was tried on remand before a jury in January, 1993, and on January 25, 1993, the jury concluded that Mr. Clark and Mr. Sheppard had personally obligated themselves to purchase the unsold limited partnership shares for the $475,000.00. The jury

returned a verdict for the bank on the breach of contract claim for actual damages of $475,000.00. The jury also awarded the bank prejudgment interest on the $475,000.00 at the rate of 10% per annum.[1]

Subsequent to the return of the jury's verdict, the circuit court entered a judgment order in favor of the bank in the total sum of $798,390.42. This included $323,390.42 in prejudgment interest.

On February 10, 1993, Mr. Clark and Mr. Sheppard filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. Among many other points, this motion claimed that:

> There was no basis for an award of prejudgment interest, since there was no time specified for performance. Further, since it is undisputed that the Bank retained the property after foreclosure, collected rents on it, and eventually sold it, prejudgment interest would unduly reward the plaintiff.

On June 14, 1993, the circuit court refused to set aside the jury's verdict on the question of Mr. Clark's and Mr. Sheppard's liability, but did set aside the prejudgment interest award. It appears that in setting aside the prejudgment interest award, the court reasoned that the bank's damages were not reasonably certain or susceptible to simple calculation. The court also apparently reasoned that the bank's damages were imaginary.

In the present proceeding, The First National Bank of Bluefield claims that the circuit court erred in setting aside the jury's verdict of prejudgment interest.

General authority for awarding prejudgment interest in a contract action in West Virginia is contained in W.Va.Code § 56–6–27. That statutory provision provides:

> The jury, in any action founded on contract, may allow interest on the principal

---

1. The jury's verdict said:
   For our verdict herein, WE THE JURY FIND;
   √ For the Plaintiff
   ___ For the Defendant
   If found for the Plaintiff, WE THE JURY:
   Assess damages at $ 475,000
   And WE THE JURY FURTHER FIND:

   √ Plaintiff is entitled to prejudgment interest at 10%
   ___ Plaintiff is not entitled to prejudgment interest

   /s/ J. Sudderth
   FOREMAN
   DATE 1/25/93

due, or any part thereof, and in all cases they shall find the aggregate of principal and interest due at the time of the trial, after allowing all proper credits, payments and set-offs; and judgment shall be entered for such aggregate with interest from the date of the verdict.

In interpreting this statutory provision, this Court stated in *Corte Company, Inc. v. County Commission of McDowell County,* 171 W.Va. 405, 407, 299 S.E.2d 16, 18 (1982), that *"W.Va.Code,* 56–6–27 [1931], allows a jury to grant prejudgment interest 'in any action founded on contract.'"

In this Court's view, documents filed in the present case rather clearly show that the bank's claim against Andrew L. Clark and William J. Sheppard is based upon the bank's allegation that Mr. Clark and Mr. Sheppard breached a contract with the bank, whereby they guaranteed the purchase of unsold limited partnership interests in exchange for the bank's agreeing to purchase the revenue bond.

It appears from the documents filed in this case that the circuit court granted judgment notwithstanding the jury's verdict on the prejudgment interest question on the ground that the bank had not been damaged and that, even if it had been, the damages were uncertain and not reasonably susceptible to simple calculation.

In examining the case, it appears that the circuit court did not set aside the actual $475,000.00 damage award, but rather it set aside the interest on the award. In view of the fact that there had to be evidence of actual damages to support the basic $475,-000.00 award, and since there was evidence for this, this Court believes that other factors were involved in the circuit court's reasoning.

In their motion for judgment notwithstanding the verdict, Mr. Clark and Mr. Sheppard suggested that there was a question as to whether prejudgment interest could be awarded, since the undertaking of Mr. Clark and Mr. Sheppard was not to pay a sum certain in money, but rather to purchase limited partnership interests. They also contended that there could be no basis for an award of prejudgment interest since there was no time specified for performance

in their contract, and they claimed that the bank had obtained control of the property of the limited partnership by foreclosure, had collected rents from it and eventually sold it, and that, under the circumstances, prejudgment interest would unduly reward the bank.

To resolve the issue in this case, the Court believes it is first necessary to discuss the question of whether a contract must contain a promise to pay a sum certain in money before prejudgment interest can be awarded.

There is general law in the United States that an award of prejudgment interest should be allowed only if the amount in question upon which the interest is to be determined is liquidated or if the amount upon which the interest is to be determined can be established or ascertained with reasonable certainty by ready calculation from known standards of value. On this point, 47 C.J.S. *Interest & Usury* § 49(b) (1982), states:

Generally, the award of prejudgment interest is permissible if the amount in question upon which the interest is determined is liquidated, or if unliquidated can be established or ascertained with reasonable certainty either by rules of evidence or known standards of value, or where the amount due is determinable by computation with reference to a fixed standard contained in the contract without reliance upon opinion or discretion.

Although this Court believes that this general law throws some question on the payment of prejudgment interest in actions where the amount of damages cannot be resolved except by a court or judicial process, or where the amount of damages depends on a judicial determination based on conflicting evidence and is not readily determinable by simple mathematical computation or ascertainable from established market prices or values, the Court believes that the damages involved in the case presently under consideration were readily determinable by computation with reference to a fixed standard contained in the contract. A fair reading of the contract indicates that Mr. Clark and Mr. Sheppard agreed to purchase all unsold limited partnership interests for $25,000.00 each. The amount of damages resulting from their

breach could be readily calculated by multiplying $25,000.00 by the number of limited partnership interests which they refused to purchase. In fact, the record shows that they refused to purchase nineteen limited partnership interests, and the jury determined that the actual damages arising from their breach equaled $475,000.00, or nineteen times $25,000.000.

Given the fact that the damages could be readily ascertained by reference to the fixed standards contained in the contract, without reference to opinion or discretion, this Court believes that the present case, although it did not involved purely liquidated damages, did fall within the ambit of the rule allowing prejudgment interest where the damages were liquidated or, if unliquidated, could be established with reasonable certainty by reference to known standards of value. In view of this, the Court cannot conclude that the case was not properly one for a prejudgment interest award.

As previously indicated, another basis for Mr. Clark and Mr. Sheppard's motion for judgment notwithstanding the verdict was that there was no time specified in their contract for performance.

■ It is generally recognized in this State that the failure of the parties to fix a time or definite time for performance does not normally defeat a contract. Instead, the law generally indicates that, where a contract fixes no definite time for performance, the law usually implies that performance shall be within a reasonable time. *See Baker v. Gaskins,* 125 W.Va. 326, 24 S.E.2d 277 (1943); *Cook Pottery Company v. J.H. Parker & Son,* 89 W.Va. 7, 109 S.E. 744 (1921); and *Poling v. Condon–Lane Boom & Lumber Co.,* 55 W.Va. 529, 47 S.E. 279 (1904).

It is apparent to this Court that the purpose of the parties entering into the agreement whereby Mr. Clark and Mr. Sheppard agreed to purchase the limited partnership interests was to provide funds for the construction of the partnership's improvements in the event that the limited partnership interests did not sell.

■ The records indicates that on March 18, 1985, the bank, acting through R.S. Kennett, its Senior Vice President for Loans, wrote Mr. Clark and Mr. Sheppard and stated that the limited partnership interests had not been sold and suggested that the failure of the parties to act in accordance with the agreement to purchase unsold partnership interests had caused a serious underfunding of the partnership's project. Mr. Kennett concluded the letter by stating:

Therefore, demand is hereby made upon each of you, jointly and severally, to immediately contribute equity in the aggregate amount of $625,000.00 to this project and to complete it according to the representations and statements each of you made to this bank to induce it to make its loan commitment to you.

Given the overall apparent purpose of Mr. Clark and Mr. Sheppard's undertaking, that is, to insure that the partnership's construction project would be properly funded, and given the fact that it was not adequately funded almost two years after Mr. Clark and Mr. Sheppard entered into their agreement, this Court believes that it was reasonable for the bank to expect and demand performance of the agreement by March 18, 1985, the date of Mr. Kennett's letter. Although the contract may not have stipulated a precise time for performance, it may be stated that it was reasonable for Mr. Clark and Mr. Sheppard to have performed by March 18, 1985, and the Court believes that performance was reasonably due by that date.

The Court also notes that Mr. Clark and Mr. Sheppard argued that prejudgment interest was improper since they essentially had unliquidated setoffs against the bank. In this Court's view, that was the position raised by Mr. Clark and Mr. Sheppard when they stated in their motion for judgment notwithstanding the verdict that:

Further, since it is undisputed that the Bank retained the property after foreclosure, collected rents on it, and eventually sold it, prejudgment interest would unduly reward the plaintiff.

■ It is generally recognized that the existence of an unliquidated counterclaim or setoff by a debtor against a suing creditor will not defeat the requirement that prejudg-

ment interest be paid. This basic rule is stated in 47 C.J.S. *Interest & Usury* § 49(b) (1982), as follows:

> The existence of an unliquidated counterclaim or set-off does not affect the right to interest prior to judgment on the amount found to be due on a liquidated or determinable claim.

 In syllabus point 6 of *Huffman v. Appalachian Power Company,* 187 W.Va. 1, 415 S.E.2d 145 (1991), this Court addressed the question of when a judgment notwithstanding a verdict should be granted. The Court said:

> In considering whether a motion for judgment notwithstanding the verdict under Rule 50(b) of the West Virginia Rules of Civil Procedure should be granted, the evidence should be considered in the light most favorable to the plaintiff, but, if it fails to establish a *prima facie* right to recover, the court should grant the motion.

After reviewing the questions presented in the present case, this Court concludes that there was sufficient evidence to support the prejudgment interest award. It showed that Mr. Clark and Mr. Sheppard entered into a contract which would have resulted in the injection of capital into their partnership project. They did not comply with their agreement. The amount that they failed to inject is easily calculable from their contract, and a reasonable date for performance was apparent from the agreement.

In view of these facts, the Court believes that, given the principles set forth in syllabus point 6 of *Huffman v. Appalachian Power Company, Id.,* the trial court erred in entering judgment notwithstanding the verdict on the prejudgment interest question.[2] The Court also believes that, under the principles discussed above, the date by which performance reasonably should have occurred was March 18, 1985, and that, given this circumstance, prejudgment interest should be calculated from that date.

For the reasons stated, the judgment of the Circuit Court of Mercer County, insofar as it entered judgment notwithstanding the jury's award of prejudgment interest, is set aside and reversed, and this case is remanded with directions that the circuit court award·The First National Bank of Bluefield, a national banking corporation, prejudgment interest from March 18, 1985, upon the $475,-000.00 principal sum found by the jury in this case.

Reversed and remanded with directions.

---

**2.** The Court notes that the appellants claim that the trial court erred in granting a judgment notwithstanding the verdict in this case because of certain procedural questions. Since the Court has concluded that there was no appropriate factual basis for granting the judgment notwithstanding the verdict, the Court does not feel that it is necessary to discuss whether there was a procedural basis for the trial court to grant the judgment.