GRITT, JUDGE:
Claimant, a computer vendor, brought this action to recover finance charges which it incurred during the completion of a contract entered into with respondent for computers, software, and installation of the computers. The finance charges, referred to as interest by claimant, are in the amount of $13,476.67, which represents the amount of this claim. The Court is of the opinion to deny this claim for the reasons set forth herein below. Further, respondent’s motion to amend the style of the pleadings to substitute the State Auditor in the place of the named respondent is denied for the reason stated herein below.
On October 14,1999, claimant and respondent entered into a contract for the purchase of 600 computers, including software and installation of the computers, for a purchase price of $739,750.00. The contract (designated as Purchase Order DHS 31227) provided for the completion of the contract within sixty ( 60) days with a completion date of December 15, 1999. The first set of 200 computers was delivered and installed in November 1999[1] with the second set of 200 computers being delivered in early December 1999 and the last set of 200 computers being delivered in late December 1999 or early January 2000. An invoice in the original amount of $739,750.00 that serves as the basis for claimant’s claim herein was dated December 31, 1999, received by respondent on January 4, 2000, signed by respondent’s representative as certification of the merchandise having been received on January 16, 2000, and paid by respondent on or about March 10, 2000, in the final agreed upon amount of $697,150.00. The amounts of $24,600.00 and $18,000.00 were deleted from the total of the original invoice for the reasons discussed below. During this time frame, a dispute arose between the parties as to the software required under the contract and the delivery schedule for the computers. The parties ultimately agreed to extend the installation of the software beyond the sixty (60) days provided for in the contract. The Court has not been provided the date the extension was granted. The parties also disagreed concerning the license for the software. Claimant originally began providing a software license with each computer, but respondent’s representative requested one license for all the computers purchased by respondent. The respondent’s insistence on one license for all the software to be installed pursuant *198 to the contract occurred after the delivery of first 400 of the computers, but claimant later agreed to provide the one license to end this dispute. The final area of dispute was over the price of the installation of the computers. Claimant delivered the last 200 computers, but many of these units were set up and installed by respondent’s personnel. A reduction of $5,000.00 in the charge-for the installation of the last installment of200 computers was eventually agreed to by claimant due to the reduced number of units actually installed by claimant’s personnel. However, a formal vendor’s complaint was filed with the Department of Administration’s Purchasing Division by respondent involving all of the issues mentioned above which was resolved by the parties through mediation.[2] The respondent’s vendor’s complaint was resolved with the respondent agreeing to pay to the claimant the sum of$697,150.00.[3] The claimant apparently purchased the computers and software sold to the respondent by using an existing line of credit previously obtained by the claimant from a lender of its choice. Claimant alleges that it was not paid for the computers in a timely manner by respondent resulting in unnecessary finance charges to it, and that it is entitled to reimbursement of the finance charges.
The parties have raised issues regarding (1) the payment of interest based on the provisions of a contract that is before the Court for interpretation, (2) the payment of pre-award and post-award interest on awards made by the Court, (3) the inclusion of finance charges incurred by a vendor as an element of its overhead expense as an element of damages to be considered by the Court in making an award, and (4) the applicability of WV Code §5A-3-54, generally referred to as the “Prompt Pay Act of 1990" to certain claims that may be brought before the Court. The Court will address each of the issues presented separately.
Contract Interest
WV Code §14-2-12, which sets forth the general powers of the Court of Claims, states specifically that “.. .in determining the amount of a claim, interest shall not be allowed unless the claim is based upon a contract which specifically provides for the payment of interest.” The Court notes that there was no provision in the contract between the parties herein that interest be paid to claimant and therefore the claimant cannot recover any interest as a part of its claim that is traditionally described as “contract interest.” The specific statutory disallowance of traditional contract interest contained in WV Code §14-2-12 differs from the general rule in West Virginia found in WV Code §56-6-27 that states that “the jury, in any action founded on contract, may allow interest on the principal due, or any part thereof, and in all cases they shall find the aggregate of principal and interest due at the time of the trial” and that “judgment shall be entered for such aggregate with interest from the *199 date of the verdict.” See, The First National Bank of Bluefield v. Clark, 191 W. Va. 623, 447 S.E.2d 558 (1994); Erikson Construction Co. v. Morey, 923 F.Supp.878 (1996); and Board of Education of McDowell County v. Zando, Martin & Milstead, 182 W. VA. 597, 390 S.E.2d 796 (1990).
Pre-award and Post-award Interest
The disallowance of all interest but for the payment of interest specifically required by contract by the provisions of W V Code § 14-2-12 is, in essence, a bar to the recovery of pre-award and post-award interest. The prohibition against paying pre-award and post-award interest on awards made by the Court contained in WV Code §14-2-12 also differs from the statutory requirements of WV Code §56-5-31 which mandates that “damages shall bear interest from the date of the right to bring the same shall have accrued, as determined by the court” and “that every judgment or decree for the payment of money entered by any court of this State shall bear interest from the date thereof, whether it be so stated in the judgment or decree or not” at a rate of “ten dollars upon one hundred dollars per annum.” See, The First National Bank of Bluefield, supra; Erikson Construction Co., supra; and Board of Education of McDowell County, supra.; and Adams v. Nissan Motor Corp. in U.S.A., 182 W.Va. 234, 387 S.E.2d 288 (1989). Traditionally, the denial of both pre-judgment and post-judgment interest violates the requirements of WV Code §56-6-31. Rakes v. Ferguson, 147 W.Va.660, 130 S.E.2d 102 (1963).
Interest as an Element of Overhead Expense
In its claim, the claimant is attempting to equate the finance charges that it incurred which are an element of its overheard expense, to the interest that may be paid to a vendor pursuant to the provisions of the “Prompt Pay Act of 1990.” The “Prompt Pay Act” requires that for purchases of services or commodities the State Auditor shall issue a State check “in payment thereof within sixty days after a legitimate uncontested invoice is received by any of such agencies receiving the services or commodities. Any state check issued after sixty days shall include interest at the current rate ....” Claimant alleges that this provision of the “Prompt Pay Act” allows it to make a claim forinterest in the amountof $13,476.67, which said amount is actually the amount of the finance charges incurred by the claimant in the satisfaction of its contract with the respondent and not the amount of interest as contemplated by the Act or calculated according to the provisions of the Act.
It is a mistake in fact and law to equate the payment of finance charges incurred by a vendor as an element of its overhead expense while engaged in the general pursuit of a business enterprise and the statutory interest that is required by the provisions of the “Prompt Pay Act.” The Court can find no statutory authority or case law to support the claimant’s contention that it is entitled to recover the finance charges that it incurred while doing business with the respondent. Without statutory or case law authority to include finance charges incurred as an element of overhead expense by a vendor doing business with a State agency in a claim against the agency for breach of contract as an element of the vendor’s damages, the Court declines to chart new territory in that regard.
Prompt Pay Act of 1990
The respondent contends that the “Prompt Pay Act ” does not apply to this claim for the reasons that no “legitimate uncontested invoice” had been received by the respondent for payment and, therefore, there is no basis for the allegation that the invoice was not timely paid. The respondent also asserts the position that this Court lacks subject matter jurisdiction in this claim on the basis that claimant has a remedy in the regular courts of this State if it is proceeding under the “Prompt Pay Act.” The *200 respondent contends that an action such as mandamus may be brought in the courts of the State against the respondent concerning the interest that may be due the claimant pursuant to the “Prompt Pay Act.”
The issue of jurisdiction of a court with respect to any action before it may be raised at any time during the proceedings, even by the court itself. This Court is a court of limited jurisdiction with only the subject matter jurisdiction being specifically granted it by the Legislature in the creation of the Court of Claims. W V Code §14-2-14(5) establishes this Court’s limited jurisdiction and provides that the jurisdiction of the Court shall not extend to any claim “. . .with respect to which a proceeding may be maintained against the state, by or on behalf of the claimant in the courts of the state.”
In reviewing the language of the “Prompt Pay Act” the Court notes certain deficiencies in the Act including, but not limited to, the fact that there is (1) no mention in the statute for a remedy if a vendor disagrees with the State Auditor in its application of the interest provisions of the Act, (2) no time frame or a method for resolving a disputed invoice, and (3) no time limitation for making a claim for interest claimed to be due on the part of a vendor.[4] Because this Court is a court of limited jurisdiction and even though the “Prompt Pay Act” as currently presented may be deficient in many respects, the Court cannot conclude that it is without subject matter jurisdiction to make an award of interest that may be otherwise due a vendor pursuant to the Act.[5] To the extent that this Court impliedly assumed jurisdiction to hear claims for interest due a vendor pursuant to the provisions of the immediate predecessor to the current “Prompt Pay Act” in R. L. Banks & Associates, Inc. vs. Public Service Commission, 17 Ct.Cl. 159 (1988), said implication is hereby expressly denied.
The respondent also asserts that the claimant failed to pursue its administrative remedy in its claim for interest under the “Prompt Pay Act.” The Court cannot consider the respondent’s argument inasmuch as the provisions of WV Code §5A-3-54 do not contain an administrative process for reviewing a claim for interest by a vendor and because no such procedural rules have been promulgated by the State *201 Auditor pursuant to the provisions of WV Code §29A-1-1, et.seq., the State Administrative Procedures Act.
The Court is of the opinion to and does hereby deny the respondent’s motion to amend the style of the pleadings to substitute the State Auditor in the place of the named respondent inasmuch as the claim presented by the claimant is a claim for interest as an element of its overhead expense growing out of the contract dispute with the respondent.
Therefore, for all of the reasons stated above, the Court is of the opinion to and does hereby decline to recommend the payment of this claim.
Claim disallowed.

 After the hearing of this claim, claimant provided copies of Service Orders and an invoice dated November 29, 1999, in the amount of $244,200.00 to support testimony that the respondent had received an invoice for the first 200 computers, software, and installation. This invoice was not paid by respondent.

 The documentation for the formal vendor’s complaint was provided to the Court after the hearing by counsel for the respondent. This information was reviewed by the Court. The first date which indicates a dispute between claimant and respondent is that on an electronic message dated January 13, 2000. A meeting was held on February 8, 2000, to discuss several issues. While a formal vendor’s complaint was made by the respondent, the only date evident regarding the filing of the complaint is March 7, 2000.

 T.he parties did not provide the Court with the date their dispute was mediated and resolved.

 The provisions of WV Code§5A-3-54(d) states that.. . the state agency initially receiving a legitimate uncontested invoice shall process such invoice for payment within ten days from its receipt: Provided, That in the case of the department of health and human resources, the division of highways and the public employees insurance agency, such invoices shall be processed within fifteen days of their receipt. In spite of this requirement, the respondent has not provided the Court with the precise date the claimant’s invoice was received and submitted for payment.

 The State Auditor is encouraged by the Court to develop, implement and distribute to all State agencies and properly registered and qualified vendors a uniform written policy regarding the resolution of contested invoices submitted by vendors and when interest may be due a vendor pursuant to the Act. The “policy” supplied to the Court as Attachment B to the respondent’s Supplement to Previously Filed Motion To Dismiss is inadequate to accomplish the purpose of the Act. The failure to develop and implement such a policy frustrates die very purpose for which the Act was adopted, that is, to encourage small West Virginia business owners to do business with State agencies.